JEANNE L. TOLLISON, State Bar No. 238970
jtollison@wfbm.com
WALSWORTH LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:   (714) 634-2522
Facsimile:    (714) 634-0686

SWANSON, MARTIN & BELL, LLP
SUSAN E. SULLIVAN – Illinois State Bar No. 6238201
(*Pro Hac Vice*)
ssullivan@smbtrials.com
ARTHUR J. RELIFORD – Illinois State Bar No. 6270485
(*Pro Hac Vice*)
areliford@smbtrials.com
ANDREW A. LOTHSON – Illinois State Bar No. 6297061
(*Pro Hac Vice pending*)
alothson@smbtrials.com
JOSEPH E. TENNIAL – Illinois State Bar No. 6337821
(*Pro Hac Vice*)
jtennial@smbtrials.com
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990

Attorneys for Defendants CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, and DOES 1 - 10, inclusive, all sued in their individual and official capacities,<br><br>Defendants. | Case No.:  2:24-cv-05916-FMO-RAO<br><br>Judge:   Hon. Fernando M. Olguin<br>Crtrm.:   6D<br><br>**DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, AND PIERRE ROMAIN'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DECLARATION OF SUSAN E. SULLIVAN; [PROPOSED] ORDER**<br><br>HEARING DATES PENDING<br>Type: Defendants' Motion to Dismiss |

Date: December 5, 2024
Time: 10:00 a.m.

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-titled Court, located at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants CITY OF BEVERLY HILLS ("City"), MARK STAINBROOK ("Stainbrook"), JERRY WHITTAKER ("Whittaker"), and PIERRE ROMAIN ("Romain"), (sometimes collectively "Individual Defendants"), will move the Court to dismiss the First Amended Complaint ("FAC") of Plaintiffs IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated (sometimes collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) on the ground it fails to state sufficient facts, and will move to dismiss or strike other aspects of the Putative Class Action Claims under Federal Rules of Civil Procedure 12(b)(1), 12(f) and 23(d)(1)(D).

This motion is made following a pre-filing meet and confer under Local Rule 7-3 that occurred on October 31, 2024 following a meet and confer letter sent on October 25, 2024. (*See* Declaration of Susan E. Sullivan "Sullivan Decl." at ¶ 2).

Defendants' Motion to Dismiss is and will be based on this notice, the attached memorandum of points and authorities, the pleadings on file with this Court, as well as such further oral or documentary evidence that may be presented at the hearing on the motion.

DATED:  November 4, 2024

WALSWORTH LLP

By: s/ *Jeanne L. Tollison*

JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

DATED: November 4, 2024

SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*

SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
JOSEPH E. TENNIAL
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

1. INTRODUCTION ........................................................................................1

2. LEGAL STANDARDS .................................................................................1

    a.  Rules 12(f), (b)(1) and 23(d)(1)(D), (c)(1)(A).......................................1

    b.  Rule 12(b)(6)........................................................................................2

3. FACTS ALLEGED .......................................................................................3

4. LEGAL ARGUMENT ..................................................................................4

    I.   The Class Definition and Class Allegations Should be Stricken...............4

        a. The Class and Subclass Definitions are Confusing, Overbroad, Includes Uninjured Members, and Has a "Fail Safe" Problem ............4

        b. Plaintiffs' Claimed Entitlement to Class-Wide Relief Against Different Defendants is Not Well-Pled .................................................6

        c. Plaintiffs' Request For Injunctive Relief Is Secondary To Their Request for Money Damages And Is Therefore Impermissible Under Rules 23(b)(1) or (b)(2)............................................................8

    II. Plaintiffs' Individual Claims Should be Dismissed...................................9

        a. Claims Made Against Certain Individual Defendants in Their Official and/or Individual Capacities are Improper ...............................9

        b. Plaintiffs' Claim for Malicious Prosecution Should Be Dismissed ................................................................................10

        c. Certain Individual Defendants Should Be Dismissed From Plaintiffs' Claims for Unreasonable Searches and Seizures ...............10

        d. Plaintiffs Fail to Adequately Plead a *Monell* Claim ............................11

           i. Discriminatory Policy, Widespread Practice or Custom ...............12

          ii. Deliberate Indifference ...............................................................13

         iii. Plaintiffs Fail to Adequately Plead "Moving Force." ..................14

iv. Plaintiffs' Failure to Train Allegations are Factually

Deficient ......................................................... 14

e. Plaintiffs' Equal Protection Claim Fails ............................................... 15

i. Discriminatory Purpose of Intent .................................... 16

ii. Plaintiffs Fail to Adequately Plead "Discriminatory Effect" ......... 17

iii. Plaintiffs' Alternative Pleading of a "Class of One" Fails ............ 17

f. Plaintiff Greene's State Law Claims are Barred for Failure to

Comply with California's Government Torts Claims Act ................... 18

g. Greene Does Not Allege Sufficient Facts to Support either a

Bane Act Claim or False Arrest/False Imprisonment Claims ............. 19

i. Greene's Bane Act Claim is Insufficiently Pled ............................ 19

ii. Greene's False Arrest/False Imprisonment Claim Also Fails ........ 20

h. Plaintiffs' Requests for Individual Injunctive Relief Should be

Dismissed for Lack of Standing ............................................. 21

5. CONCLUSION ......................................................... 22

# TABLE OF AUTHORITIES

*Awabdy v. City of Adelanto*,
    368 F.3d 1063 (9th Cir. 2004) .......................................................... 10

*Abdullah v. U.S. Sec. Associates, Inc.*,
    731 F.3d 952 (9th Cir. 2013) ............................................................ 8

*Alexander v. Sandoval*,
    532 U.S. 275 (2001). ....................................................................... 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................... passi

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................. passim

*Black v. City of Blythe*,
    562 F.Supp. 3d 820 (C.D. Cal. 2022)................................................ 20

*Black Lives Matter Los Angeles v. City of Los Angeles*,
    113 F.4th 1249 (9th Cir. 2024)........................................................... 7

*Brazil v. Dell Inc.*,
    585 F.Supp. 2d 1158 (N.D. Cal. 2008)................................................ 5

*Briley v. Cty. of Hermosa Beach*,
    No. CV 05-8127AG(SHx), 2008 WL 4443894 (C.D. Cal. Sept. 29, 2008) ........ 2

*Castro v. Cty of Los Angeles*,
    833 F.3d 1060 (9th Cir. 2016) .......................................................... 13

*City of Canton v. Harris*,
    489 U.S.378 (1989) ............................................................ 13, 14, 15

*City of San Jose v. Superior Court*,
    12 Cal.3d 447(1974) ........................................................................ 19

*Clark v. LG Electronics U.S.A., Inc.*,
    No. 13-cv-485 JM, 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ...................... 1

*Comcast v. Behrend*,
    133 S. Ct. 1426 (2013) .................................................................... 8

*Cty of Los Angeles v. Lyons*,

461 U.S. 95 (1983) ................................................................................21

*Dixon v. Monterey Fin. Servs., Inc.*,
    No. 15-CV-03298-MMC, 2016 WL 3456680 (N.D. Cal. June 24, 2016)............

*Ebarle v. Lifelock, Inc.*,
    No. 15-cv-00258, 2016 WL 234364 (S.D. Cal. Jan 20, 2016) ............................

*Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*,
    694 F.2d 531 (9th Cir. 1982) ...............................................................17

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ................................................................................2

*Gillette v. Delmore*,
    979 F.2d 1342 (9th Cir. 1992). ...........................................................11

*Green v. Occidental Petroleum Corp.*,
    541 F.2d 1335 (9th Cir. 1976)................................................................8

*Heath v. Cty of Desert Hot Springs*,
    618 f. App'x 882 (9th Cir. 2015)...........................................................12

*Helstern v. City of San Diego*,
    No. 13-CV-0321-LAB RBB,
    2013 WL 3515963 (S.D. Cal. July 11, 2013)......................................15

*Illinois v. Gates*,
    462 U.S. 213 (1983) ................................................................................7

*In re Railway Industry Employee No-Poach Antitrust Litigation*,
    395 F.Supp.3d 464 (W.D. Pa. 2019) .....................................................7

*Jenkins v. City of Vallejo*,
    No. 2:19-cv-01896-TLN-DB,
    2023 WL 4534144  (E.D. Cal. Jul. 13, 2023)  ...................................13

*Kay v. Wells Fargo & Co. N.A.*,
    No. C 07-01351 WHA,
    2007 WL 2141292 (N.D. Cal. July 24, 2007).......................................2

*Kwan v. SanMedica International*,
    854 F.3d 1088 (9th Cir. 2017)..............................................................16

*Leite v. Crane Co.*,

749 F.3d 1117 (9th Cir. 2014)..................................................................2

*Lockett v. Cty. of L.A.*,
   977 F.3d 737 (9th Cir. 2020) ...........................................................15

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ..........................................................................2

*Luke v. Abbott*,
   954 F. Supp. 202 (C.D. Cal. 1997)......................................................

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012).............................................................5

*McCoy v. Cty. of Vallejo*,
   No. 2:19-cv-01191-JAM-CKD,
   2020 WL 374356 (E.D. Cal. Jan. 23, 2020)....................................13

*Monell v. Dep't of Soc. Servs. of Cty. of New York*,
   436 U.S. 658 (1978) ........................................................................11

*Mora v. Cty. of Garden Grove*,
   No. 819 CV 00418JLSJDE,
   2020 WL 4760184 (C.D. Cal. May 1, 2020).................................19,20

*Narouz v. Charter Commc'ns, LLC*,
   591 F.3d 1261 (9th Cir. 2010).............................................................

*Nelson v. King County*,
   895 F.2d 1248 (9th Cir. 1990).............................................................8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022)...........................................................5, 6

*Oviatt v. Pearce*,
   954 F.2d 1470 (9th Cir. 1992) ........................................................13

*Payne, et al. v. City of Los Angeles, et al.*,
   No. 2:17-CV-4370424,
   2023 WL 4370424 (C.D. Cal. Jul. 3, 2023) ...................................11

*Raymond v. Martin*,
   No. 1:18-cv-00307-DAD-JLT,
   2021 WL 1222950 (E.D. Cal. Mar. 31, 2021) ................................10

*Reese v. Cnty. of Sacramento*,
    888 F.3d 1030 (9th Cir. 2018) ........................................................................19

*Roberts v. Cty. of Los Angeles*,
    109 Cal. App. 3d 625 (1980) ..........................................................................21

*Rodriguez v. Cnty. of Los Angeles*,
    891 F.3d 776 (9th Cir. 2018) ..........................................................................19

*Roy v. Contra Costa Cnty*,
    No. 15-cv-02672-TEH, 2016 WL 54119 (N.D. Cal. Jan. 5, 2016),
    *aff'd*, 694 F. App'x 536 (9th Cir. 2017) ....................................................14, 1

*Ruiz Torres v. Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ..........................................................................6

*Sanders v. Apple Inc.*,
    672 F.Supp. 2d 978 (N.D. Cal. 2009) ...............................................................5

*Snipes v. City of Bakersfield*,
    145 Cal.App.3d 861 (1983) ............................................................................19

*Summers v. Earth Island Inst*,
    555 U.S. 488 (2009) ........................................................................................21

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F.Supp.2d 1123, 1146 (N.D. Cal. 2010) ...................................................2

*Ting v. United States*,
    927 F.2d 1504 (9th Cir. 1991)…………………………….……………..…15

*Ulrich v. Cty. and Cnty. of San Francisco*,
    308 F.3d 968 (9th Cir. 2002) ..........................................................................12

*United States v. Armstrong*,
    517 U.S. 456 (1996) ........................................................................................17

*Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*,
    429 U.S. 252 (1977) ........................................................................................16

*Village of Willowbrook v. Olech*,
    528 U.S. 562 (2000). .......................................................................................18

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541(2011) .......................................................................................8

*Wayte v. United States*,
 470 U.S. 598 (1985) ........................................................................................16

*White v. Lee*,
 227 F.3d 1214 (9th Cir. 2000) ..........................................................................2

*Wilkerson v. Butler*,
 229 F.R.D. 166 (E.D. Cal. 2005) .......................................................................8

## **STATUTES**

Cal. Govt. Code section 905 .......................................................................................18

Cal. Govt. Code section 910 .......................................................................................18

Cal. Govt. Code section 911.2 ....................................................................................18

Cal. Govt. Code section 945.4 ....................................................................................18

Cal. Govt. Code section 945.6 ....................................................................................18

Cal. Penal Code section 847 .......................................................................................21

## **RULES**

Fed. R. Civ. P. 12 .........................................................................................1, 2, 8

Fed. R. Civ. P. 23 ......................................................................................... passim

## MEMORANDUM AND POINTS OF AUTHORITIES

### 1. INTRODUCTION

This is a putative class action against the Defendant City of Beverly Hills (the Beverly Hills Police Department, or "BHPD"), its peace officers, as well as the current Chief of Police. Plaintiffs' FAC seeks monetary and injunctive relief for alleged constitutional and state law violations on behalf of themselves and all other Black persons arrested and/or detained without being convicted of any crime by BHPD officers from July 15, 2022 forward. This Court is requested to dismiss and/or strike Plaintiffs' class allegations and individual claims, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(f) and 23(d)(1)(D).

First, the proposed primary class is confusing, impermissibly overbroad, and includes uninjured members which violates Article III standing requirements. Plaintiffs rely on a classic "fail safe" definition that must be rejected. Plaintiffs' class allegations and definitions are defective, because membership within (or preclusion from) the purported classes require individualized mini-trials regarding countless arrests and detentions, and whether each class member was ultimately convicted of a crime. Plaintiffs request class-wide injunctive relief, but that is secondary to their request for money damages, and therefore class treatment under Rules 23(b)(1) and (b)(2) is not permitted.

Second, Plaintiffs' claims for malicious prosecution, *Monell* liability, equal protection violations, their state law-based claims, and their request for individual injunctive relief are defective and should be dismissed. For the reasons below, this Court should grant Defendants' motion to dismiss.

### 2. LEGAL STANDARDS

#### a. Rules 12(f), (b)(1) and 23(d)(1)(D), (c)(1)(A)

Under Rule 12(f) "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained." *Clark v. LG Electronics U.S.A., Inc.*, No. 13-cv-485 JM, 2013 WL 5816410, at *16 (S.D. Cal.

Oct. 29, 2013). Under Rule 23(d)(1)(D), a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *See also Tietsworth v. Sears, Roebuck and Co.*, 720 F.Supp.2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."); *see also Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (same). "Sometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Finally, standing is a prerequisite to justiciability and "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing challenges are reviewed under Rule 12(b)(1), *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), and are resolved under Rule 12(b)(6)'s sufficiency standard. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### b. Rule 12(b)(6)

A motion to dismiss should be granted if a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiffs must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a motion under *Twombly*, courts are to follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 555).

**3. <u>FACTS ALLEGED</u>**

The facts alleged in support of the two putative Class Representative Plaintiffs' claims lack detail and are, at best, vague. (FAC ¶¶ 94-111). Plaintiffs allege that on September 9, 2022, Jones was unlawfully detained by Defendant Officers. As for Greene, the Complaint provides no specific dates with respect to when he was detained. Instead, the Complaint alleges that he was detained "on or about February or March 2023," and again "on or about August 2023." (FAC ¶¶ 95, 103, 110). Of the Plaintiffs, only Jones specifically identifies who of BHPD's officers allegedly detained him.

Jones alleges that he was pulled over by Defendants Whittaker and Romain, who performed a search of his vehicle and found a gun. (FAC ¶¶ 96-97). Jones' car was seized and he was charged with four counts of possessing a concealed weapon. (*Id*. ¶¶ 98-99). Jones alleges that all charges were dismissed following a motion to suppress granted pursuant to Penal Code section 1538.5. (*Id*. ¶ 100).

Greene alleges during the "February or March 2023" encounter, BHPD officers approached him because of his race and arrested him for being under the influence of alcohol or drugs. (*Id*. ¶ 103). Greene alleges he was "treated very roughly" during his arrest, the handcuffs were "extremely tight and painful," and that he was jailed for "10 or 11 hours [and] forced to sit in a gross drunk tank." (*Id*. ¶¶ 104, 106). As for his second encounter with BHPD in August 2023, Greene

alleges he was driving with a friend and stopped. (*Id*. ¶ 110). Greene was arrested and charged with misdemeanor possession of a controlled substance, taken to jail and "spent around 5-7 hours there." (*Id*. ¶ 111). Green further alleges that he was not charged with any crime by prosecutors.  (*Id*. ¶ 111).

Neither Plaintiff alleges that any of the arresting officers made statements indicating or suggesting that they were targeted due to their race or for, that matter, any improper reason. Nor has either Plaintiff alleged that any of the officers made threats against them.[1]

## 4.  <u>LEGAL ARGUMENT</u>

### I.  <u>The Class Definition and Class Allegations Should be Stricken.</u>

#### a.  <u>The Class and Subclass Definitions are Confusing, Overbroad, Includes Uninjured Members, and Has a "Fail Safe" Problem.</u>

The proposed primary class definition is: "All Black people who were detained or arrested without being convicted of any crime by the City of Beverly Hills Police Department ("BHPD") from July 15, 2022 forward." (FAC ¶ 3). Aside from a person's race – here, "All Black people" – the criteria for class entry requires being "detained or arrested" but subsequently not "convicted of any crime by the [BHPD]". Plaintiffs' class definition is defectively overbroad and should be stricken for multiple reasons.

On its face, the class definition is confusing because the BHPD does not prosecute cases—thus, it could not "convict" persons of crimes. A different government entity, the County of Los Angeles, carries out the prosecutorial function in a different branch of government, the judiciary. Plaintiffs' nonsensical class definition should be stricken.

The primary class's definition fails for other reasons, including because its

---

[1] To the extent Plaintiffs' have referenced excessive force, it is a conclusory allegation, and made with regard to Plaintiff Greene only. (FAC ¶ 104).

1   "includes members who are not entitled to recovery[.]" *Ebarle v. Lifelock, Inc.*, No.
2   15-cv-00258, 2016 WL 234364, at *5 (S.D. Cal. Jan 20, 2016). Because a mere
3   detention or arrest without a conviction is not in itself a constitutional injury, an
4   overbreadth problem exists. Put another way, interactions between law enforcement
5   and citizens can be and mostly always are constitutional, even where a detention,
6   arrest and no conviction occur. Inclusion of members in a class who have not
7   suffered a *redressable* injury is not permissible, because such overbreadth raises
8   threshold Article III standing concerns. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F.Supp.
9   2d 978, 991 (N.D. Cal. 2009) (striking class allegations about iMac owners which
10  would include members without standing). The Ninth Circuit has rejected class
11  definitions that include uninjured members without Article III standing as being
12  impermissibly "overbroad." *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581,
13  596 (9th Cir. 2012) (holding the class definition was overbroad because many
14  purported members were not injured; "class must be defined in such a way as to
15  include only members who were exposed to advertising that is alleged to be
16  materially misleading"), overruled on other grounds, *Olean Wholesale Grocery*
17  *Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n. 32 (9th Cir. 2022).

18      The primary class definition is also impermissibly "fail safe" because
19  membership hinges on a determination of whether each individual was actually
20  "detained or arrested" and then whether they were ultimately "convicted of any
21  crime" (or not). These determinations require a mini-trial of each putative member's
22  circumstances to assess entry to the class. *Brazil v. Dell Inc.*, 585 F.Supp. 2d 1158
23  (N.D. Cal. 2008), illustrates the point. In *Brazil*, the proposed class was defined as
24  "all persons or entities" who "purchased Dell computer products" that "Dell falsely
25  advertised as discounted." *Id.* at 1167. The court granted defendant's motion to strike
26  because to "determine who should be a member of these classes, it would be
27  necessary for the court to reach a legal determination that Dell had falsely
28  advertised" in the first place – a merits determination. *Id.* The same holds true here.

Because class membership hinges on merits liability determinations of whether each individual was ever actually "detained or arrested" and subsequently whether any such individual was ultimately "convicted of any crime," mini-trials are required. These are not manageable determinations to be made by a "Claims Administrator" (*see* FAC ¶ 9(g)) after certification. Instead, these are threshold liability determinations imbedded within the class definition itself – i.e., a classic, impermissible "fail safe" definition.

The same holds true for each alleged subclass. (FAC ¶ 4a-d). Determinations of whether each individual was (a) maliciously prosecuted; (b) detained without reasonable suspicion or arrested without probable cause; (c) searched or had their property searched without a warrant or reasonable suspicion; and/or (d) had their vehicle seized within the meaning of the Fourth Amendment and in the absence of a valid caretaking purpose. These are merits determinations imbedded in the subclass definitions. *See, e.g., Dixon v. Monterey Fin. Servs., Inc.*, No. 15-CV-03298-MMC, 2016 WL 3456680, at *4 (N.D. Cal. June 24, 2016) (striking "fail safe' class definition because inclusion into the class requires a determination of whether the defendant is actually liable); *Olean Wholesale Grocery Coop.*, 31 F.4th at 670 n. 14 ("A court may not … create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct."); *see also Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (class cannot be defined "to preclude membership unless the liability of the defendant is established"). Accordingly, Plaintiffs' class allegations should be stricken.

### b. **Plaintiffs' Claimed Entitlement to Class-Wide Relief Against Different Defendants is Not Well-Pled.**

A "class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to Rule 23(b)." *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). The FAC's "Class Allegations" (FAC ¶¶ 3-6) and "Compliance with Federal Rule 23" (FAC ¶¶ 1-14)

fail to state how a class action can be maintained. If anything, the sparse statements in these paragraphs parrot Rule 23's and Local Rule 23-2.2's elements and underscore the type of case-by-case, individual assessments that exist here, starting from before the arrest, during any purported detention or arrest, and then following afterward.

The Ninth Circuit's decision vacating class certification in *Black Lives Matter Los Angeles v. City of Los Angeles*, 113 F.4th 1249, 1262 (9th Cir. 2024), confirms Defendants' position here. As alleged, these types of cases are not compatible with Rule 23's prerequisites—i.e., where the threshold question of "whether [a person's] arrest was lawful" requires "a fact-finder" to decide many fact-specific issues, such as whether there was "probable cause to arrest" the individual. *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (Probable cause is a "fluid" concept "not readily, or even usefully, reduced to a neat set of legal rules.")). And generally lumping events together for many years and involving different law enforcement officers acting under different circumstances demonstrates that Plaintiffs' claims for class-wide relief are defective. *See Black Lives Matter Los Angeles*, 113 F.4th 1249, 1254 (9th Cir. 2024); *see also In re Railway Industry Employee No-Poach Antitrust Litigation*, 395 F.Supp.3d 464, 486-87 (W.D. Pa. 2019) (granting in part motion to dismiss class allegations under the plausibility standard and granting motion to strike class allegations). If, as here, allegations are so general that they encompass a wide swathe of conduct, much of it innocent, then a plaintiff has "not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiffs' "facts" to support class treatment amount to simply "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).[2]

---

[2] Certain paragraphs of the FAC are impertinent and immaterial, and should be stricken as these allegations do not concern the named Plaintiffs or the putative class. (*See* FAC ¶¶ 31-87). Instead, these allegations pertain to other persons who, by

Plaintiffs' FAC includes an affirmative allegation that should eviscerate class-wide treatment of their claims, even against the Defendant City. They claim entitlement to equal protection violations because they are asserting "class of one" claims. (FAC ¶¶ 191-209). This allegation is the antithesis of a class action, which is, after all, a procedural mechanism so that the "usual rule that litigation be conducted by and on behalf of the named parties only" is swept aside so that multiple parties with essentially identical claims may pursue common redress in an efficient and economical manner. *See Comcast v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011)). *See also Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 963-64 (9th Cir. 2013).

Plaintiffs' attempt to turn their individual claims into a class action should be rejected, and Plaintiffs' class allegations – along with Paragraphs 31-87 of Plaintiffs' FAC – should be dismissed or stricken.

### c. **Plaintiffs' Request For Injunctive Relief Is Secondary To Their Request for Money Damages And Is Therefore Impermissible Under Rules 23(b)(1) or (b)(2).**

The proposed injunctive relief class is not maintainable under Rules 23(b)(1) or 23(b)(2) – because the relief sought is primarily money damages. Multiple cases illustrate the point. *See, e.g.*, *Nelson v. King County*, 895 F.2d 1248, 1255 (9th Cir. 1990) ("Class certification under Fed. R. Civ. P. 23(b)(2) is not appropriate where the relief requested relates 'exclusively or predominately to money damages.'") (citations omitted); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976) (finding class certification under Rule 23(b)(1) improper where plaintiff

---

definition, are not even part of the putative class based on both timing and substance. Because such allegations "bear[] no possible relation" to Greene's and Jones' controversies, the Court may strike them. *See Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (striking impertinent allegations from a malpractice claim under Rule 12(f)).

1  sought money damages).

2      Plaintiffs' FAC parrots language from Rules 23(b)(1) and (b)(2), without

3  elaboration, in Paragraph 13(a)-(c) of the FAC. Plaintiffs are, indeed,

4  "predominantly" seeking money damages under Rule 23(b)(3), referring to Rule

5  23(b)(3) in Paragraph 9(f) and via requests for economic and non-economic damages

6  (or exemplary/punitive damages) referenced at the end of every claim (First through

7  Seventh) and in their prayer for relief, Paragraphs 1 through 8 (listing various types

8  of money damages ranging from medical expenses to punitive damages). Thus,

9  Plaintiffs' request for Rule 23(b)(1) or (b)(2) treatment and the request for

10  "Injunctive Relief in the form of a consent decree to prevent BHPD from engaging

11  in racial profiling of Black Americans again in the future" (*see* Dkt. 36, FAC at p.

12  48, "prayer" ¶ 9) should be stricken.

13      **II. <u>Plaintiffs' Individual Claims Should be Dismissed.</u>**

14          **a. <u>Claims Made Against Certain Individual Defendants in Their</u>**

15              **<u>Official and/or Individual Capacities are Improper.</u>**

16      Plaintiffs' FAC and case caption indicate that all the Individual Defendants

17  Officers are being sued in both their "official" and "individual" capacities. Not only

18  is it unnecessary and duplicative to name an officer in his official capacity after being

19  named in his personal capacity, but it is also improper. *Luke v. Abbott*, 954 F. Supp.

20  202, 204 (C.D. Cal. 1997). Thus, if an officer is sued both in his personal and official

21  capacities "it would be proper for the court, upon request to dismiss the officer and

22  substitute instead the local government entity as the correct defendant." *Id.*

23      The allegations made against Individual Defendants Whittaker and Romain

24  do not support claims of "official capacity" as neither were alleged to have the

25  requisite supervisory and/or policy-making powers. (FAC ¶¶ 25-26). Plaintiffs

26  concede that Whittaker and Romain were simply "subordinates following their

27  orders." (FAC ¶ 89). Accordingly, the claims for actions taken pursuant to "official

28

capacity" against Whittaker and Romain must be dismissed.

The "individual capacity" claims against Individual Defendant Stainbrook are also not supported by sufficient facts, as there are no facts asserted showing Stainbrook being personally involved in any of the alleged detentions, arrests, charges, or court proceedings of either of the Plaintiffs. (FAC ¶¶ 88-89, 94-111). Plaintiffs attempt to lump-in Stainbrook through a "shotgun" style pleading, alleging Stainbrook "set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive Black Americans of their rights under law." (FAC ¶ 88). But such claims are insufficient and should be dismissed. *See Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT, 2021 WL 1222950, at * 4 (E.D. Cal. Mar. 31, 2021) (plaintiff failed to adequately allege claim against police chief in his individual capacity by alleging "merely conclusory recitations of the element of the claims").

**b.  Plaintiffs' Claim for Malicious Prosecution Should Be Dismissed.**

In order to prevail on a Section 1983 claim of malicious prosecution, Plaintiffs "must show that the defendants prosecuted with malice and without probable cause, and that they did so for the purpose of denying [them] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1063, 1066 (9th Cir. 2004). Plaintiffs fail to plead sufficient and plausible facts to meet these requisite elements. Both Greene and Jones bring this claim, even though Greene concedes he was never charged with any crimes by prosecutors, and Jones solely alleges – without any detail – that his charges were dismissed following a motion to suppress hearing. (FAC ¶¶ 100, 109, 111, 117-133). Plaintiffs' subsequent and boilerplate and conclusory language in their malicious prosecution claim that the "aforementioned acts of said defendants were willful, wanton, [and] malicious" cannot sustain their claim. (FAC ¶¶ 133).

**c.  Certain Individual Defendants Should Be Dismissed From**

**__Plaintiffs' Claims for Unreasonable Searches and Seizures.__**

Both Plaintiffs Greene and Jones bring these claims (Third and Fourth), but Greene makes no claims of illegal search and/or seizure against Whittaker or Romain. (*See* FAC ¶¶ 134-164). Accordingly, both Whittaker and Romain must be dismissed from these claims, as it pertains to Greene. (*See* FAC ¶¶ 102-111). And, as discussed above, personal involvement is required in a Section 1983 claim against a defendant in his individual capacity. Plaintiffs' FAC does not allege Stainbrook was personally involved in the Greene's and Jones' alleged incidents. Thus, Stainbrook also must be dismissed from these claims.  *See Payne, et al. v. City of Los Angeles, et al.*, No. 2:17-CV-4370424, 2023 WL 4370424, at *4 (C.D. Cal. Jul. 3, 2023) (claim of unreasonable search and seizure against police chief dismissed where plaintiffs failed to set forth allegations or evidence showing police chief's personal involvement).

### d.  __Plaintiffs Fail to Adequately Plead a *Monell* Claim.__

In order to state a cognizable constitutional claim against the Defendant City under Section 1983 for actions of the individual defendants, Plaintiffs must allege more than just that an officer harmed them. *See Monell v. Dep't of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 694 (1978).

To bring a Section 1983 claim against a municipal entity for the actions of its employees or agents, *Monell* requires that a plaintiff show: (1) the constitutional violation at issue resulted from a governmental policy or a longstanding practice or custom; (2) the individual defendant who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act. *See Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Plaintiffs fail to state sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, they offer nothing but labels and

1  conclusions.

2  ### i. Discriminatory Policy, Widespread Practice or Custom

3  The Ninth Circuit has held Plaintiffs may establish the second prong of *Monell*

4  – the existence of an affirmative policy or practice – in one of three ways: first, that

5  the constitutional violation resulted from a governmental policy or a longstanding

6  practice or custom; second, that the individual who committed the constitutional

7  violation was an official with final policy-making authority "whose edicts or acts

8  may fairly be said to represent official policy;" or third, that an official with final

9  policy making authority either delegated that authority to, or ratified the decision of

10  a subordinate. *Ulrich v. Cty. and Cnty. of San Francisco*, 308 F.3d 968, 985 (9th Cir.

11  2002) (internal quotations and citations omitted); *Trevino v. Gates*, 99 F.3d 911, 918

12  (9th Cir. 1996); *Heath v. Cty of Desert Hot Springs*, 618 f. App'x 882, 885 (9th Cir.

13  2015). Thus, *Monell* requires a plaintiff plead with sufficient facts to support either

14  a governmental policy or longstanding practice or custom, or otherwise plead that

15  the individual who committed the constitutional violation was an official with final

16  policy-making authority. *Ulrich*, 308 F.3d at 985.

17  Plaintiffs allege the final policy-maker, Chief Stainbrook, issued

18  discriminatory policies and/or ratified the decisions of BHPD officers to violate

19  Plaintiffs' constitutional rights are conclusory. (FAC ¶¶ 167-170, 172). There are no

20  facts alleged to establish that Stainbrook, or any other alleged final policy-maker,

21  issued policies, written or otherwise, or were aware of the facts of any of the arrests

22  and/or detentions by any individual officers. *Id.* Plaintiffs' allegations of a

23  "longstanding practice and custom of racially profiling Black Americans" are just as

24  conclusory and the allegations proffered in support are irrelevant. (FAC ¶ 171).

25  Further, the allegations in the FAC regarding past alleged misconduct (*see*

26  FAC ¶¶ 31-87) do not lead to the conclusion that unconstitutional customs, practices,

27  or policies existed, let alone led to alleged constitutional violations. To sufficiently

28  plead a custom or practice, plaintiffs must show a history of prior similar incidents

- 12 -

which are "of sufficient duration, frequency, and consistency that the conduct had become a traditional method of carrying out policy." *Jenkins v. City of Vallejo*, No. 2:19-cv-01896-TLN-DB, 2023 WL 4534144, at * 2 (E.D. Cal. Jul. 13, 2023) (quoting *Trevino*, 99 F.3d at 918). At the pleading stage, the court focuses on the similarity between the "factually pertinent" aspects of the prior incidents." *Id.* at *3 (citing *McCoy v. Cty. of Vallejo*, No. 2:19-cv-01191-JAM-CKD, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020). Here, no such similarities exist. None of Plaintiffs' allegations of past misconduct include certain BHPD officers allegedly having "made [ ] derogatory comments about Black and Latin people," or "use [of] [ ] the 'n-word' and racial stereotypes," or bare allegations of individuals being stopped by BHPD, along with allegations of employment discrimination by former BHPD officers (FAC ¶¶ 31-87), nor are they "factually pertinent" to Plaintiffs' claims in this matter.

### ii.  <u>Deliberate Indifference</u>

"It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that causes his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [the jail's] inhabitants.'" *Castro v. Cty of Los Angeles,* 833 F.3d 1060, 1076 (9th Cir. 2016) (quoting *Cty. of Canton v. Harris*, 489 U.S. at 392 (alteration in original, quotation and citation omitted)). Deliberate indifference requires a showing that "the need for different action 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers … can reasonably be said to have been deliberately indifferent to the need." *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992) (quoting *Cty. of Canton v. Harris*, 489 U.S. at 390) (omission and alteration in original)).

Plaintiffs fail to allege sufficient facts to satisfy the third *Monell* prong. Without alleging any facts, Plaintiffs simply repeat in conclusory fashion that the City was "deliberately indifferent," and that officials with alleged final policy-

making authority were aware of the alleged constitutional violations, but failed to act. (FAC ¶¶ 178, 180-184). These hollow conclusions do not meet *Twombly-Iqbal*'s pleading standards. As a result, Plaintiffs have not shown a direct causal link between the alleged written policy or alleged "policy, custom or widespread practice of targeting Black Americans" and the alleged constitutional violations at issue. *See id.*

### iii.  **Plaintiffs Fail to Adequately Plead "Moving Force."**

The fourth *Monell* prong is not satisfied because Plaintiffs have not and cannot plausibly allege that any City written policy or its alleged "customs or widespread practices" were the "moving force" behind the alleged constitutional deprivations. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

The FAC fails to allege that there is any specific BHPD written policy that contains anything but race-neutral language and polices to police in a constitutional manner. Instead, Plaintiffs recite boilerplate conclusions (FAC ¶¶ 170, 172, 175-177), none of which provide specific factual details showing the existence of such written policy, and/or how the alleged written BHPD policies or alleged "practices and customs" were the "moving force" behind any alleged constitutional violations.

### iv.  **Plaintiffs' Failure to Train Allegations are Factually Deficient.**

Although a plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately, conclusory allegations, such as those here, do not suffice. *City of Canton v. Harris*, 489 U.S. at 388; *see Iqbal*, 556 U.S. at 678. "While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Roy v. Contra Costa Cnty.*, No. 15-cv-02672-TEH, 2016 WL 54119, at *4 (N.D. Cal. Jan.

5, 2016), *aff'd*, 694 F. App'x 536 (9th Cir. 2017) (finding that the plaintiff had "not alleged anything that suggests a link to any City or County policy to arrest individuals without probable cause or to violate their constitutional rights while in custody, or failure to have a policy to train employees with respect to such rights"). Further, the alleged inadequacy of training cannot support governmental liability unless it "amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *City of Canton v. Harris*, 489 U.S. at 388. Nor can liability be established simply by showing that an injury could have been avoided if a public employee had better or more training. *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991).

Plaintiffs assert in a conclusory fashion that the City maintained a system of "grossly inadequate training" pertaining to the lawful making of arrests, police ethics, and the law pertaining to searches and seizures. (FAC ¶ 185). Because that allegation lacks underlying facts, Plaintiffs' *Monell* claim should be dismissed.

### e.  **Plaintiffs' Equal Protection Claim Fails.**

Plaintiffs' claim for equal protection is duplicative of their *Monell* claim.  The Defendant City can only be liable on a federal claim pursuant to *Monell*.  See *Lockett v. Cty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020) (*Monell* claims are "contingent on a violation of constitutional rights.")[3] The Equal Protection Clause does not create a an independent, separate, and self-executing legal claim that may be brought against a municipality as an individual defendant. Thus, Plaintiffs' allegations of equal protection should be alleged as part of Plaintiffs' *Monell* claim, not as a separate duplicative claim.

But Plaintiffs' allegations of equal protection are conclusory and fail to allege

---

[3]    *See, e.g., Helstern v. City of San Diego*, No. 13-CV-0321-LAB RBB, 2013 WL 3515963, at *3 (S.D. Cal. July 11, 2013) ("To the extent Helstern wants to assert a § 1983 claim against the County, it can only do so under *Monell*—*Monell* liability is § 1983 liability for municipalities . . .)

1    any facts that establish discriminatory intent or discriminatory effect, which are

2    required elements of such a claim. *See Twombly*, 550 U.S. at 570 (2007); *see also*

3    *Iqbal*, 556 U.S. at 678.

4                    **i.**  **Discriminatory Purpose or Intent**

5          Plaintiffs must prove "both that the ... system had a discriminatory effect and

6    that it was motivated by a discriminatory purpose" or intent. *Wayte v. United States*,

7    470 U.S. 598, 608 (1985); *see also Village of Arlington Heights v. Metropolitan*

8    *Housing Dev. Corp.*, 429 U.S. 252, 264–65 (1977) ("[O]fficial action will not be

9    held unconstitutional solely because it results in a racially disproportionate

10   impact.").

11         Discriminatory purpose must be "a motivating factor" of the policy or

12   widespread customs or practices. *Arlington Heights*, 429 U.S. at 266. And in

13   pleading both discriminatory effect and purpose, Plaintiffs must again offer more

14   than labels and conclusions, or a formulaic recitation of the elements. *Iqbal*, 556

15   U.S. at 678 (internal citations omitted); *see also Kwan v. SanMedica International,*

16   854 F.3d 1088, 1096 (9th Cir. 2017). Plaintiffs allege the City had a "widespread

17   practice and custom of treating Black people differently than other races in Beverly

18   Hills." (FAC ¶¶ 196). But Plaintiffs' claims are far too speculative and insufficient,

19   especially where there is more plausible causes or explanations for the BHPD

20   officers' conduct, such as the officers found Plaintiffs to be in violation of the law,

21   given Plaintiffs have failed to allege in a non-conclusory fashion any policies,

22   practices or customs that were not race-neutral.

23         Plaintiffs' discriminatory intent claims fails where, as here, "more likely

24   explanations" exist. *Iqbal*, 556 U.S. at 681. In *Iqbal*, the Court noted that the

25   September 11 attacks were perpetrated by Arab Muslims at the direction of an Arab

26   Muslim whose followers were largely other Arab Muslims. *Id.* at 682. Accordingly,

27   it was "no surprise" (and not an indicia of discriminatory intent) "that a legitimate

28   policy directing law enforcement to arrest and detain individuals because of their

suspected link to the attacks would produce a disparate, incidental impact on Arab Muslims, even though the purpose of the policy was to target neither Arabs nor Muslims." *Id.* Similarly, here, the officers' alleged conduct sought to legally enforce the law in making stops of the Plaintiffs and carrying out arrests, and Plaintiffs have pled no facts to suggest otherwise.

### ii. **Plaintiffs Fail to Adequately Plead "Discriminatory Effect"**

To prove discriminatory effect, Plaintiffs must allege sufficient facts to show that they were treated differently than similarly situated members of another class because of Plaintiffs' membership in the protected class. *See United States v. Armstrong*, 517 U.S. 456, at 468-469 (1996) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). The Supreme Court has specifically rejected claims when a plaintiff fails to satisfy the similarly situated requirement explaining that the "required threshold" for equal protection claims is "a **credible** showing of different treatment of similarly situated persons." *Id.* at 470 (emphasis added). Likewise, Title VI authorizes a private right of action only in cases involving intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

Plaintiffs attempt to allege a discriminatory effect and intent by claiming that a disproportionate percentage of Black Americans were arrested and/or detained. (FAC ¶¶ 6, 206). Plaintiffs allege that over 90% of the arrests were of Black people while less than 2% of people in Beverly Hills are Black. (FAC ¶ 199).  This allegation does not sufficiently state facts to support a claim for an equal protection violation or of the alleged racial profiling of each of the named Plaintiffs. The Ninth Circuit has made it clear that "'[d]iscriminatory impact,' as shown by statistical evidence, is a starting point, and an important starting point, to [the inquiry of discriminatory intent], but is rarely sufficient of itself." *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 552 (9th Cir. 1982).

### iii. **Plaintiffs' Alternative Pleading of a "Class of One" Fails**

To adequately plead the alternative "class of one" theory, Plaintiffs must

include facts showing there was no rational basis for the alleged violation and that the identifiable group discriminated against consisted solely of the plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-565 (2000). The facts pled in the Plaintiffs' FAC base Plaintiffs' Equal Protection claim on a theory of discriminatory intent against multiple plaintiffs – which is not a "class of one" theory. (FAC ¶¶ 195-199). Plaintiffs' alternative pleading of a "class of one" contradicts their factual allegations and of a putative class, and thus fails.

### f. **Plaintiff Greene's State Law Claims are Barred for Failure to Comply with California's Government Torts Claims Act.**

Plaintiffs' FAC asserts state-law claims for violating the Bane Act and False Arrest/Imprisonment alleged solely by Plaintiff Greene. (*See* FAC ¶¶ 210-227). Government Code section 905 provides that, with certain exceptions not relevant here, all claims for money or damages against a local public entity or its employees must be presented to that entity in accordance with section 910 *et seq*. of the Government Code. Government Code section 911.2 provides that a claim relating to a cause of action for personal injury must be filed within six (6) months after the accrual of the cause of action.

To comply with the Government Claims Act, the claim must include certain information, including: (1) the name and address of the claimant; (2) the address to which notices should be sent; (3) the "date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; (4) a "general description" of the "injury, damage or loss incurred"; (5) the "name or names of the public employee or employees causing the injury, damage, or loss, if known"; and (6) the "amount claimed" as damages, and if the amount exceeds $10,000, whether the claim would be a limited civil case. (Gov. Code § 910, subds. (a)-(f)).

Section 945.4 of the Government Code provides that when a claim is required, no suit for money or damages may be brought until a claim has been filed and acted on by the local public entity. The timely presentation of a written claim and the

rejection of the claim in whole or in part is a condition precedent to a lawsuit against a public entity. *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (1983). "Where compliance with the Tort Claims Act is required, the plaintiff *must allege compliance* or circumstances excusing compliance, or the complaint is subject to general demurrer." *Id.* (emphasis added).

Plaintiff Greene does not allege his compliance with the Government Claims Act. Instead, he alleges he filed a claim and it was rejected. As shown in the Plaintiffs' attached exhibits, however, Greene's claim failed to state the dates of the alleged incidents; he provided only a broad range of "August 31, 2021 through December 4, 2023." (Dkt. 36-1, Exhibit 1). The claim was filed as an application for leave to present a late claim, which was denied. (Dkt 36-1, Exhibit 2). "The failure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that public entity. *City of San Jose v. Superior Court*, 12 Cal.3d 447, 454 (1974). Greene was required to petition the Court to allow a late claim filing. *See* Government Code §§ 945.4, 946.6. Greene failed to do this and also failed to allege actual compliance with the Act, a requirement to state a claim.

### g.  Greene Does Not Allege Sufficient Facts to Support either a Bane Act Claim or False Arrest/False Imprisonment Claims.

#### i.  Greene's Bane Act Claim is Insufficiently Pled.

Even if Plaintiff Greene had complied with the Government Claims Act (he did not), his Bane Act claim still fails. "[T]he Bane Act requires a 'specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. Cty. and Cnty. of San Francisco*, 17 Cal App. 5th 766 (2017)). This standard is "tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Id.* Similarly, citing *Reese*, the court in *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018), also noted that the Bane Act requires "a showing of the defendant's specific intent

to violate the plaintiff's constitutional rights." As noted by the court in *Mora v. Cty. of Garden Grove*, No. 819 CV 00418JLSJDE, 2020 WL 4760184, at *10 (C.D. Cal. May 1, 2020) (quoting *Knapps v. Cty. of Oakland*, 647 F.Supp. 2d 1129, 1168 (N.D. Cal. 2009)), "'[t]he elements of a section 52.1 excessive force claim are essentially identical to those of a § 1983 excessive force claim. Thus, where a plaintiff's claims under the federal and state constitutions are co-extensive, the discussion of a plaintiff's federal constitutions claim resolves both the federal and state constitutional claims.'" Thus, the applicable standard for the Bane Act claims is "the specific intent standard established in *Screws v. United States*, 325 U.S. 91 (1945), for assessing criminal violations of federal civil rights." *Reese*, 888 F.3d at 1043. Greene fails to state sufficient facts to support the specific intent element of a Bane Act claim. The FAC does not identify with any specificity the individual officers who allegedly violated Greene's constitutional rights; nor what each officer allegedly did in bringing about Greene's alleged harm. (FAC ¶¶ 210-220). Because Greene failed to state sufficient facts to support the specific intent element of Bane Act claim, this claim should be dismissed.

ii.    **Greene's False Arrest/False Imprisonment Claim Also Fails**

Greene alleges he was arrested without a warrant and without probable cause. (FAC ¶¶ 222-224). "'False arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment." *Black v. City of Blythe*, 562 F.Supp. 3d 820, 830 (C.D. Cal. 2022) (quoting *Asgari v. Cty. of Los Angeles*, 15 Cal. 4th 744, 752 (1997)) (internal quotation and citation omitted). False arrest "relat[es] to conduct that is without legal authority." *Id.* False imprisonment "consists of the 'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.'" *Id.* (quoting *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994) (internal quotation and citation omitted).

Greene has not sufficiently alleged facts that plausibly support he was arrested

or detained without legal authority or lawful privilege. The scant details provided in the FAC foreclose this type of claim. During his first alleged interaction with BHPD, Greene was suspected of being under the influence of alcohol or drugs; and, during the second interaction, he was arrested for possession of a controlled substance. (FAC ¶¶ 103, 111). Under federal law, the existence of probable cause to arrest bars an action by an arrestee against a police officer. *Briley v. Cty. of Hermosa Beach*, No. CV 05-8127AG(SHx), 2008 WL 4443894, at *5 (C.D. Cal. Sept. 29, 2008). The standard is the same under California state law. *Id.* (citing California Penal Code § 847; *Roberts v. Cty. of Los Angeles*, 109 Cal. App. 3d 625, 629 (1980)). Also, the standards in state and federal court for probable cause are the same. *Id.* Because Plaintiffs affirmatively alleged the existence of probable cause, Greene's claim for false arrest and false imprisonment must be dismissed. *See Briley*, No. CV 05-8127AG(SHx), 2008 WL 4443894, at *5 (probable cause under California law to arrest defeats claim of false arrest).

### h. __Plaintiffs' Requests for Individual Injunctive Relief Should be Dismissed for Lack of Standing.__

A plaintiff seeking equitable relief does not have standing unless he is "under threat of suffering 'injury in fact' that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[T]he threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.* Plaintiffs do not meet this threshold. Although Plaintiffs claim past constitutional violations, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Cty. of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation and citation omitted). Instead, "standing to seek the injunction requested depended on whether he was likely to suffer future injury … by police officers." *Id.* at 105 (emphasis added). Plaintiffs' allegations of possible future harm are conclusory.

Therefore, Plaintiffs' request for injunctive relief should be dismissed.

## 5. __CONCLUSION__

WHEREFORE, Defendants asks this Court to grant their Motion to Strike and Dismiss in its entirety.

DATED:  November 4, 2024                    WALSWORTH LLP


By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

DATED: November 4, 2024                    SWANSON, MARTIN & BELL, LLP


By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
JOSEPH E. TENNIAL
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants certify that this brief contains 6,978 words, which complies with the word limit of L.R. 11-6.1.


DATED:  November 4, 2024           WALSWORTH LLP


                                   By: s/ *Jeanne L. Tollison*
                                   JEANNE L. TOLLISON
                                   Attorneys for Defendants
                                   CITY OF BEVERLY HILLS, a public
                                   entity MARK STAINBROOK, JERRY
                                   WHITTAKER, and PIERRE ROMAIN, as
                                   employees of the City of Beverly Hills, a
                                   public entity

DATED: November 4, 2024            SWANSON, MARTIN & BELL, LLP


                                   By: s/ *Susan E. Sullivan*
                                   SUSAN E. SULLIVAN
                                   ARTHUR J. RELIFORD
                                   ANDREW A. LOTHSON
                                   JOSEPH E. TENNIAL
                                   Attorneys for Defendants
                                   CITY OF BEVERLY HILLS, a public
                                   entity MARK STAINBROOK, JERRY
                                   WHITTAKER, and PIERRE ROMAIN, as
                                   employees of the City of Beverly Hills, a
                                   public entity

**DECLARATION OF SUSAN E. SULLIVAN**

I, SUSAN E. SULLIVAN, hereby declare:

1.      I am an attorney, duly licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois. I am admitted pro hac vice in the matter of *Greene v. City of Beverly Hills*. I am counsel of record for Defendants CITY OF BEVERLY HILLS, a public entity, and CHIEF MARK STAINBROOK, OFFICER JERRY WHITTAKER, and OFFICER PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity in this action.

2.      Defendants served Plaintiffs with a pre-filing meet and confer letter pursuant to Local Rule 7-3 on October 25, 2024, asking Plaintiffs to discuss the matters addressed therein regarding deficiencies in Plaintiffs' First Amended Complaint in an attempt to resolve disputes as to Plaintiffs' alleged claims in lieu of Defendants filing a Motion to Dismiss Plaintiffs' First Amended Complaint. (See Defendants' Meet and Confer Letter, attached hereto as Ex. A).

3.      On October 31, 2024, defense counsel and counsel for Plaintiffs met and conferred for an hour regarding the proposed Motion to Dismiss the First Amended Complaint.

4.      Defendants raised the following issues regarding their positions on Plaintiffs' FAC, which Plaintiffs have refused to discussed:

   a.      Striking Plaintiffs' class allegations for being overbroad, Article III standing issues, and a "fail safe" problem, as well as for including impertinent and immaterial allegations.

   b.      Dismissing Plaintiffs' claims against certain Defendant Officers in their official and individual capacities for failure to state a claim.

   c.      Dismissing Plaintiffs' first claim for malicious prosecution for failure to state a claim.

   d.      Dismissing Plaintiffs' second claim for unreasonable seizures for failure to state a claim.

e.    Dismissing Plaintiffs' third claim for unreasonable searches for failure to state a claim.

f.    Dismissing Plaintiffs' fourth claim for municipality liability (*Monell* Claim) for failure to state a claim.

g.    Dismissal of Plaintiffs' fifth claim for equal protection for failure to state a claim.

h.    Dismissal of Plaintiffs' sixth claim pursuant to the Bane Act for failure to state a claim.

i.    Dismissal of Plaintiffs' seventh claim pursuant to state law for failure to state a claim and pursuant to CA Govt. Code Section 946.6.

j.    Dismissal of Plaintiffs' request for injunctive relief as improper as it only requests relief regarding past harm.

5.    The parties remain at impasse on each disputed issue regarding Plaintiffs' First Amended Complaint, requiring Defendants to file a Motion to Dismiss.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing facts are true and correct, and that if called upon to do so I could and would competently testify thereto.


Executed this 4th day of November 2024 at City of Chicago, Illinois.


s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN,

# PROOF OF SERVICE

## STATE OF ILLINOIS, COUNTY OF COOK

I am over the age of 18 and not a party to the within action; I am employed by SWANSON, MARTIN & BELL, LLP in the County of Cook at 330 North Wabash Avenue, Suite 3300, Chicago, IL 600611.

On November 4, 2024, I served the foregoing document(s) described as:

**DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, AND PIERRE ROMAIN'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT: DECLARATION OF SUSAN E. SULLIVAN; [PROPOSED] ORDER**

☐    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of SWANSON, MARTIN & BELL, LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of SWANSON, MARTIN & BELL, LLP for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on November 4, 2024 at Chicago, Illinois.

*s/ Susan E. Sullivan*
Susan E. Sullivan

- 26 -

## <u>IAN GREENE, et al v. CITY OF BEVERLY HILLS, et al.</u>

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.:  2:24-cv-05916-FMO-RAO**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE FERNANDO M. OLGUIN**
**COURTROOM 6D**

## <u>SERVICE LIST</u>

| | |
|---|---|
| Bradley C. Gage, Esq. | Attorneys for Plaintiffs |
| Milad Sadr. Esq. | **IAN GREENE, DEONDRE** |
| LAW OFFICES OF BRAD GAGE | **MARQUES JONES, and the** |
| A Partnership of Professional Corporations | **PUTATIVE CLASS** |
| 23002 Victory Boulevard | |
| Woodland Hills, California 91367 | |
| Telephone: (818) 340-9252 | |
| Facsimile: (818) 340-9088 | |
| Email: bgage@bradgagelaw.com | |
| msadr@bradgagelaw.com | |
| | |
| Benjamin L. Crump, Esq. (*Pro Hac Vice*) | Attorneys for Plaintiffs |
| Elizabeth P. White, Esq. (*Pro Hac Vice*) | **IAN GREENE, DEONDRE** |
| Natalie A. Jackson, Esq. (*Pro Hac Vice*) | **MARQUES JONES, and the** |
| BEN CRUMP LAW PLLC | **PUTATIVE CLASS** |
| 122 South Calhoun Street | |
| Tallahassee, FL 32301 | |
| Telephone: (850) 224-2021 | |
| Facsimile: (800) 770-3444 | |
| Email:  ben@bencrump.com | |
| | |
| Jeffrey Spencer, Esq. | Attorneys for Plaintiffs |
| THE SPENCER LAW FIRM | **IAN GREENE, DEONDRE** |
| 2 Venture, Suite 220 | **MARQUES JONES, and the** |
| Irvine, CA  92618 | **PUTATIVE CLASS** |
| Telephone: (949) 240-8595 | |
| Facsimile: (949) 377-3272 | |
| Email:  jps@spencerlaw.net | |