JEANNE L. TOLLISON, State Bar No. 238970
jtollison@wfbm.com
WALSWORTH LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:   (714) 634-2522
Facsimile:    (714) 634-0686

SWANSON, MARTIN & BELL, LLP
SUSAN E. SULLIVAN – Illinois State Bar No. 6238201
(*Pro Hac Vice*)
ssullivan@smbtrials.com
ARTHUR J. RELIFORD – Illinois State Bar No. 6270485
(*Pro Hac Vice*)
areliford@smbtrials.com
ANDREW A. LOTHSON – Illinois State Bar No. 6297061
(*Pro Hac Vice*)
alothson@smbtrials.com
JOSEPH E. TENNIAL – Illinois State Bar No. 6337821
(*Pro Hac Vice*)
jtennial@smbtrials.com
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990

Attorneys for Defendants CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, and DOES 1 - 10, inclusive, all sued in their individual and official capacities,<br><br>            Defendants. | Case No.:  2:24-cv-05916-FMO-RAO<br><br>Judge:   Hon. Fernando M. Olguin<br>Crtrm.:   6D<br><br>**DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, AND PIERRE ROMAIN'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>HEARING DATES PENDING<br>Type: Defendants' Motion to Dismiss<br>Date: December 5, 2024<br>Time: 10:00 a.m. |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants CITY OF BEVERLY HILLS ("City"), MARK STAINBROOK ("Stainbrook"), JERRY WHITTAKER ("Whittaker"), and PIERRE ROMAIN ("Romain"), (sometimes collectively "Individual Defendants"), submit their Reply to Defendants' Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiffs IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated (sometimes collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) on the ground it fails to state sufficient facts, and will move to dismiss or strike other aspects of the Putative Class Action Claims under Federal Rules of Civil Procedure 12(b)(1), 12(f), and 23(d)(1)(D).

DATED:  November 21, 2024     WALSWORTH LLP

By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public
entity MARK STAINBROOK, JERRY
WHITTAKER, and PIERRE ROMAIN, as
employees of the City of Beverly Hills, a
public entity

DATED: November 21, 2024     SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
JOSEPH E. TENNIAL
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public
entity MARK STAINBROOK, JERRY
WHITTAKER, and PIERRE ROMAIN, as
employees of the City of Beverly Hills, a
public entity

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1. INTRODUCTION ...........................................................................................1

2. LAW AND ARGUMENT ...............................................................................1

    A. The Class Components of the FAC Should be Dismissed or Stricken..................................................................................................1

    B. Plaintiffs' Request for Relief under Either Rule 23(b)(1) or (b)(2) Should be Rejected......................................................................6

    C. Plaintiffs' Opposition Relies on Facts Not Pled in the FAC to Contest Defendants' Motion to Dismiss ................................................6

    D. Plaintiffs' Official Capacity Claims Against Defendants Whittaker and Romain Should Be Dismissed ....................................................6

    E. Plaintiffs' Individual Capacity Claim Against Defendant Stainbrook Should Be Dismissed.........................................................6

    F. Plaintiffs Fail to Plead a Plausible Malicious Prosecution Claim.. ............7

    G. Plaintiffs' Claims Against Individual Defendants Who Had No Personal Involvement in The Alleged Unreasonable Searches and Seizures Must Be Dismissed .......................................................8

    H. Plaintiffs' *Monell* Claim Should Be Dismissed. ......................................8

        i. Discriminatory Policy, Widespread Practice or Custom ......................9

        ii. Plaintiffs' Allegations about the Elements of Deliberate Indifference, Moving Force, and Failure to Train are Conclusory and Thus Insufficient to Support Their *Monell* Claim..........................9

    I. Plaintiffs' Equal Protection Claim Should Be Dismissed .....................10

    J. Plaintiff Greene's State Law Claims Must Be Dismissed for Failure to Comply with California's Government Torts Claims Act ......11

K.  Plaintiff Greene's Claims Pursuant to the Bane Act and for False
Arrest/False Imprisonment Must Be Dismissed ....................................... 11

L.  Plaintiffs' Request for injunctive Relief Should Be Stricken or
Dismissed ................................................................................................. 12

M. Leave to File a Second Amended Complaint Should Be Denied ........... 12

3. CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

*Aichele v.  City of Los Angeles*,
    314 F.R.D. 478 (C.D. Cal. 2013) .......................................................... 5

*Awabdy v. City of Adelanto*,
    368 F.3d 1063 (9th Cir. 2004) ........................................................... 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................... 8, 10

*Associated Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
    459 U.S. 519 (1983) ...................................................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 10

*Black Lives Matter Los Angeles v. City of Los Angeles*,
    113 F.4th 1249 (9th Cir. 2024)....................................................... 4, 5

*Brazil v. Dell Inc.*,
    585 F.Supp. 2d 1158 (N.D. Cal. 2008).............................................. 3

*Briley v. Cty. of Hermosa Beach*,
    No. CV 05-8127AG(SHx), 2008 WL 4443894 (C.D. Cal. Sept. 29, 2008) ...... 12

*Cty of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ...................................................................... 12

*Dixon v. Monterey Fin. Servs., Inc.*,
    No. 15-CV-03298-MMC, 2016 WL 3456680 (N.D. Cal. June 24, 2016)........... 3

*Ebarle v. Lifelock, Inc.*,
    No. 15-cv-00258, 2016 WL 234364 (S.D. Cal. Jan 20, 2016) ........................ 2

*Foman v. Davis*,
    371 U.S. 178 (1962) ...................................................................... 13

*Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*,
    694 F.2d 531 (9th Cir. 1982) .......................................................... 10

*Gonzalez-Tzita v. City of Los Angeles*,
    2019 WL 7790440 (C.D. Cal. 2019)................................................... 5

*Hawkins v. Camperet-Cassani*,
    251 F.3d 1230 (9th Cir. 2001)..................................................................2

*Jenkins v. City of Vallejo*,
    No. 2:19-cv-01896-TLN-DB,
    2023 WL 4534144 (E.D. Cal. Jul. 13, 2023) ......................................9

*Long v. Satz*,
181 F.3d 1275 (11th Cir. 1999) ...............................................................12

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)..................................................................2

*McCoy v. Cty. of Vallejo*,
    No. 2:19-cv-01191-JAM-CKD,
    2020 WL 374356 (E.D. Cal. Jan. 23, 2020).......................................9

*Monell v. Dep't of Soc. Servs. of Cty. of New York*,
    436 U.S. 658 (1978) ………………………………………..…..8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022)...................................................................3

*Ortega-Melendres v. Arpaio*,
    836 F. Supp. 2d 959 (D. Ariz. 2011)......................................................2

*Raymond v. Martin*,
    No. 1:18-cv-00307-DAD-JLT,
    2021 WL 1222950 (E.D. Cal. Mar. 31, 2021) ....................................7

*Reynaga Hernandez v. Skinner*,
    969 F.3d 930, 941-42 (9th Cir. 2020) ...................................................8

*Roberts v. Cty. of Los Angeles*,
    109 Cal. App. 3d 625 (1980) ...............................................................12

*Rodriguez v. Cnty. of Los Angeles*,
    891 F.3d 776 (9th Cir. 2018)..........................................................11, 12

*Ruiz Torres v. Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ...............................................................3

*Sanders v. Apple Inc.*,
    672 F.Supp. 2d 978 (N.D. Cal. 2009) ....................................................2

*Snipes v. City of Bakersfield*,
    145 Cal.App.3d 861 (1983) ............................................................................11

*Summers v. Earth Island Inst*,
    555 U.S. 488 (2009) ......................................................................................12

*Ulrich v. Cty. and Cnty. of San Francisco*,
    308 F.3d 968 (9th Cir. 2002) ..........................................................................9

*Village of Willowbrook v. Olech*,
    528 U.S. 562 (2000) ......................................................................................11

*Wolf v. Hewlett Packard Co.*,
No. 15-01221-BRO, 2016 WL 7743692 (C.D. Cal. Sept. 1, 2016) ........................4

## **STATUTES**

Cal. Govt. Code section 910 ......................................................................................11

## **RULES**

Fed. R. Civ. P. 7 ......................................................................................................12

Fed. R. Civ. P. 8 ........................................................................................................6

Fed. R. Civ. P. 23 ...............................................................................................passim

C.D California Local Rule 23-2.2 ............................................................................5

## MEMORANDUM AND POINTS OF AUTHORITIES

## 1.  INTRODUCTION

Rather than address the fatal overbreadth and standing-based deficiencies that are apparent in their First Amended Complaint ("FAC"), Plaintiffs' Opposition brief instead resorts to conclusory assertions and sweeping generalizations. In particular, Plaintiffs' Opposition fails to address their untenable request for class-wide relief, including their impermissible "fail safe" class definitions.

Plaintiffs' arguments as to the viability of their individual claims fare no better. Throughout the Opposition, for example, Plaintiffs go beyond the four corners of their FAC and assert new and different "facts" that are unsupported in the record. This conduct alone demonstrates that Plaintiffs' FAC fails to state a claim upon which relief can be granted. In other areas, their omissions are glaring. Plaintiffs do not rebut that their "Official Capacity" claims are asserted against officers who held no supervisory role, and that their "Individual Capacity" claim is asserted against a named official Individual Defendant who is not alleged to have had any personal involvement in Plaintiffs' alleged searches, seizures, or prosecutions. Plaintiffs also fail to address the inadequacies of their federal claims against the Individual Defendants; their *Monell* and equal protection claims against the City; and the deficiencies of their state law claims. As is now plainly evident, Plaintiffs' allegations—and their arguments—are conclusory. In one last attempt, Plaintiffs suggest they should be given leave to amend, but they offer no explanation of how they can cure the deficiencies. Reason being: they cannot. The request to amend should be rejected.

## 2.  LAW AND ARGUMENT

### A.    The Class Components of the FAC Should be Dismissed or Stricken.

To survive a motion to strike, Plaintiffs' class definitions cannot be confusing, overbroad and include "uninjured" members (an Article III standing concern), or

- 1 -

amount to "fail safe" definitions. Yet, Plaintiffs' Opposition largely ignores each of these issues. *See Hawkins v. Camperet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) ("The district court is not 'to bear the burden of constructing subclasses' or otherwise correcting Rule 23(a) problems").

On its face, the primary Class definition is confusing because the City's police department does not convict people of crimes, as Plaintiffs incorrectly plead. Thus, the Court should strike the Class definition.

Plaintiffs do not dispute that the Class definition inappropriately includes uninjured persons who would nevertheless qualify for membership. Merely being detained or arrested—and not later convicted of a crime —can be a lawful series of events resulting in no injury. The Class definition impermissibly includes "members who are not entitled to recovery." *See Ebarle v. Lifelock, Inc.*, No. 15-cv-00258, 2016 WL 234364, at *5 (S.D. Cal. Jan. 20, 2016). Nothing in Plaintiffs' Opposition cures these Article III standing and over-breath problems, which inherently stem from inclusion of uninjured persons in a class's membership. *See Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 991 (N.D. Cal. 2009) (class definition stricken because it included uninjured members); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (overbroad class definition exists where not all members were injured). These are threshold, dispositive issues that cannot be ignored when attempting to state a viable class claim. Plaintiffs' silence on each these key cases is telling.

Rather than address these issues and cases, Plaintiffs cite an inapposite district court case from Arizona. *See Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 993 (D. Ariz. 2011), *aff'd sub nom. Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012). *Ortega* involved certification of an injunctive relief class. The decision did not analyze the argument Defendants raise here—that over-breadth because of lack of injury to members and thus a lack of Article III standing is a basis to strike a class definition at the pleading stage. Plaintiffs' fallback argument is that a class definition

is not overbroad if defined "by the activities of the defendants." (*See* Dkt. 41 at 16). But this has nothing to do with whether a proposed class definition includes members that suffered no injury — a deficiency in the viability of the claim itself and thus a distinct issue implicating Article III standing considerations.

As for the "fail safe" problem, Plaintiffs ignore all of the cases cited by Defendants. *See Brazil v. Dell Inc.*, 585 F.Supp.2d 1158 (N.D. Cal. 2008); *Dixon v. Monterey Fin. Servs., Inc.*, No. 15-CV-03298-MMC, 2016 WL 3456680, at *4 (N.D. Cal. June 24, 2016); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, at 670 n.14 (9th Cir. 2022). They offer no explanation as to why their Class is not a "fail safe" definition. A court may not create a "fail safe" class that is defined to include only those individuals who were injured by the allegedly unlawful conduct. See *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (internal quotation marks omitted). Here, such merits determinations include whether a person was under "detention or arrest" and, ultimately, not "convicted of any crime". But merits determinations are to be adjudicated at trial. Plaintiffs offer nothing to refute that to gain entry to their proffered class, putative members would, indeed, require a plethora of case-by-case mini-trials to determine whether each one of them was actually harmed by the defendant(s). Because merits questions are imbedded in the proposed class definition, it is "fail safe."

Plaintiffs' proposed subclasses are also "fail safe"—because entry to each requires a determination of whether the class member has a meritorious claim—that is, were they (a) maliciously prosecuted; (b) detained without reasonable suspicion or arrested without probable cause; (c) searched or had their property searched without a warrant or reasonable suspicion; and/or (d) had their vehicle seized within the meaning of the Fourth Amendment and in the absence of a valid caretaking purpose. If they have a meritorious claim, they are part of the class. If they do not, they are excluded from the class, but they may still be free to pursue their own case

against the Defendants. That such mini-trials would cover events over the course of a multi-year period, and, as pled, involve a litany of different individualized interactions with many different law enforcement officers underscores that these subclass definitions are inappropriate.

Rather than address their "fail safe" problem directly, Plaintiffs cite to inapposite cases, such as *Wolf v. Hewlett Packard Co.*, No. 15-01221-BRO, 2016 WL 7743692, at *9 (C.D. Cal. Sept. 1, 2016). *Wolf* did not concern a "fail safe" class definition. Instead, the district court determined that putative class members could self-report (with receipts of purchase) membership in the class. Similarly, none of the cases that Plaintiffs cite for the proposition that generally striking class allegations at the pleadings stage are disfavored, *see* Dkt. 41 at 10, require the Court to keep the class components of this lawsuit in place now.

Next, Plaintiffs failed to sufficiently plead factual support for Rule 23's requirements. They dodge this issue entirely and offer nothing to establish entitlement to class-wide relief against *all of the Defendants*—i.e., defendants who range from the City of Beverly Hills to several individual officers of the City's police department (the Individual Defendants). Conclusory allegations do not suffice. They fail to address the effect of their own allegations, where they affirmatively pleaded the existence of a "class of one" claim in the FAC.

Plaintiffs' attempt to distinguish *Black Lives Matter Los Angeles v. City of Los Angeles*, 113 F.4th 1249 (9th Cir. 2024) is meritless. Plaintiffs argue the case is different from their case against the City, which is about "one policy and custom at issue." Dkt. 41 at 17-18. In essence, Plaintiffs have pointed to their *Monell* policy claim as the reason their class allegations can stand. But the Ninth Circuit rejected that very argument in *Black Lives Matter*: "*Monell* is not a magic word that allows a plaintiff to cast aside all the Rule 23 requirements for class certification." 113 F.4th at 1263. Plaintiffs' related argument also proves Defendants' point. They say, without pointing to any allegations of fact in the FAC, that they "have shown how

- 4 -

common evidence can generate common answers apt to drive the resolution of the litigation." Dkt. 41 at 18. Again, *Black Lives Matter* is instructive, because the Ninth Circuit identified that "plaintiffs cannot certify a class by merely alleging that a policy applies class-wide—and that a common question thus exists—without showing how common evidence can be used to prove their claims across the class members." *Black Lives Matter*, 113 F.4th at 1264. Plaintiffs do not (and cannot) dispute that their copy and paste of Rule 23's factors and Local Rule 23-2.2, fails to constitute actual factual allegations that demonstrate how common evidence could generate common answers.

Plaintiffs also point to two district cases, *Aichele* and *Gonzalez-Tzita*, as "analogous" to theirs. Dkt. 41 at 18. But those cases did not certify a *Monell* policy claim seeking money damages. Instead, *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 496 (C.D. Cal. 2013), involved certification of an unlawful detention/false arrest class, and *Gonzalez-Tzita v. City of Los Angeles*, 2019 WL 7790440 (C.D. Cal. 2019), involved a vehicle seizure class that was certified based on a settlement reached between plaintiffs and the defense. Neither case is analogous to allegations presented here.

As for the FAC's allegations in Paragraphs 31 to 87, Plaintiffs fail to explain how those allegations are specific to the named Plaintiffs' claims or, as they have argued, the "Class, *Monell* and Equal Protection claims." Dkt. 41 at 18. These allegations are outside the time-period pertinent here for the Class and Subclasses, which begins on July 15, 2022 and purports to run through present. None of the allegations in these paragraphs concern the named Plaintiffs' incidents, the named Defendants or arresting officers, or the City's policies and procedures that Plaintiffs claim are unconstitutional. These allegations, which include news stories of random incidents from the 1990s and 2000s (and references to Plaintiffs' counsel's other lawsuit against the City and different individual officers in *Williams, et al., v. City of Beverly Hills, et al.*, 2:21-cv-08698) are irrelevant clutter that should be stricken.

**B.** **Plaintiffs' Request for Relief under Either Rule 23(b)(1) or (b)(2) Should be Rejected.**

Plaintiffs do not dispute that, if the FAC asserts entitlement to Rule 23(b)(1) relief, that request should be stricken. As for Rule 23(b)(2) injunctive relief, Plaintiffs do not dispute that such relief is unavailable in a case in which the primary relief sought is money damages. Because Plaintiffs do not dispute that they seek primary money damages under Rule 23(b)(3), their request for injunctive relief for the class should be stricken.

**C.** **Plaintiffs' Opposition Relies on Facts Not Pled in the FAC to Contest Defendants' Motion to Dismiss.**

The allegations in the FAC regarding the two putative class representative Plaintiffs, Greene and Jones, lack foundational facts that are necessary to state a claim for relief. (FAC ¶¶ 94-111). Recognizing their pleading deficiencies, Plaintiffs pull from whole cloth many "facts" and use them in their Opposition even though they are nowhere to be found in the FAC. Purported facts without a record citation should be rejected and not tolerated. (*See* Dkt. 41 at 10-15). Attorney argument cannot cure the FAC's failure to include factual allegations and otherwise deficient pleadings under Rule 8.

**D.** **Plaintiffs' Official Capacity Claims Against Defendants Whittaker and Romain Should Be Dismissed.**

Plaintiffs offer no response to Defendants' argument that the official capacity claims against Defendants Whittaker and Romain are improper. Plaintiffs instead assert that they only intend to plead individual capacity claims against Whittaker and Romain. (*See* Dkt. 41 at 20). Accordingly, the claims for actions taken pursuant to "official capacity" against Whittaker and Romain must be dismissed.

**E.** **Plaintiffs' Individual Capacity Claim Against Defendant Stainbrook Should Be Dismissed.**

Plaintiffs' Opposition identifies no plausible facts pled in the FAC to support

- 6 -

a claim against Defendant Stainbrook in his individual capacity. The FAC lacks facts, and Plaintiffs make no argument that Stainbrook was personally involved in any of the alleged detentions, arrests, charges, or court proceedings of Greene or Jones. (FAC ¶¶ 88-89, 94-111). Instead, Plaintiffs include Stainbrook as a defendant in his "individual capacity" through an impermissible "shotgun" style pleading, by baselessly asserting that Stainbrook "set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive Black Americans of their rights under law." (FAC ¶ 88). Because conclusory allegations cannot support a claim against Stainbrook in his individual capacity, this claim should be dismissed. *See Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT, 2021 WL 1222950, at * 4 (E.D. Cal. Mar. 31, 2021) (plaintiff failed to adequately allege claim against police chief in his individual capacity by alleging "merely conclusory recitations of the element of the claims").

**F.    Plaintiffs Fail to Plead a Plausible Malicious Prosecution Claim.**

Plaintiffs' Opposition offers no argument specific to Plaintiff Jones' claim for Malicious Prosecution, only stating that the allegations are sufficient. (*See* Dkt. 41 at 21). But Plaintiffs concede that they must allege plausible facts that Defendants prosecuted them with malice and without probable cause, and that they did so to deny them equal protection or another specific constitutional right in order to plead a cognizable claim for malicious prosecution. *Awabdy v. City of Adelanto*, 368 F.3d 1063, 1066 (9th Cir. 2004). The FAC fails to sufficiently plead these facts for Jones, and it is silent on Greene because he was never prosecuted. (FAC ¶¶ 100, 109, 111, 117-133). Plaintiffs fail to cite any authority that holds that a plaintiff may maintain a malicious prosecution claim without having ever been charged with a crime. Therefore, Plaintiffs' claims for malicious prosecution should be dismissed.

### G. **Plaintiffs' Claims Against Individual Defendants Who Had No Personal Involvement in The Alleged Unreasonable Searches and Seizures Must Be Dismissed.**

Plaintiffs concede that Greene makes no plausible claims against Defendants Whittaker and Romain. (*See* Dkt. 41 at 22). Accordingly, Greene's claims against them for unreasonable search and unreasonable seizure (or any other claim) must be dismissed.

Both Plaintiffs' allegations against Stainbrook regarding his personal involvement in their alleged unreasonable searches and seizures are conclusory and insufficiently pleaded. Personal involvement is required in a Section 1983 claim against a defendant in his individual capacity. *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941-42 (9th Cir. 2020). The FAC does not allege Stainbrook was personally involved in Greene's and Jones' alleged incidents, which is fatal. *See Payne, et al. v. City of Los Angeles, et al.*, No. 2:17-CV-4370424, 2023 WL 4370424, at *4 (C.D. Cal. Jul. 3, 2023) (claim of unreasonable search and seizure against police chief dismissed where plaintiffs failed to set forth allegations or evidence showing police chief's personal involvement). Therefore, Stainbrook should be dismissed from both Plaintiffs' unreasonable search and seizure claims.

### H. **Plaintiffs' *Monell* Claim Should Be Dismissed.**

*Monell* requires Plaintiffs to plead and provide sufficient facts showing they were subject to a constitutional violation that (1) resulted from a governmental policy or a longstanding practice or custom; (2) the individual defendant who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act. *See Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). *Monell v. Dep't of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 694 (1978); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs offer only rumors and unsupported conclusions.

### i.    Discriminatory Policy, Widespread Practice or Custom.

A *Monell* claim requires allegations of a governmental policy or longstanding practice or custom, or that the individual who committed the constitutional violation was an official with final policy-making authority. *Ulrich v. Cty. and Cnty. of San Francisco*, 308 F.3d 968, 985 (9th Cir. 2002). Plaintiffs' recitations of the boilerplate and conclusory allegations in the FAC do not withstand dismissal. Plaintiffs allege no plausible facts to support that Stainbrook, or any other alleged final policy-maker, issued policies, written or otherwise, or were aware of the facts of any of the arrests and/or detentions by any individual officers. Instead, Plaintiffs' allegations of a "longstanding practice and custom of racially profiling Black Americans" are boilerplate and conclusory. (FAC ¶¶ 31-87, 171). Plaintiffs have failed to plead a history of prior similar incidents which are "of sufficient duration, frequency, and consistency that the conduct had become a traditional method of carrying out policy" as required. Moreover, their reference to a related matter (i.e., the *Williams* case)— a pending case in which no findings have been made against Defendants—cannot satisfy this element of their policy claim. *See Jenkins v. City of Vallejo*, No. 2:19-cv-01896-TLN-DB, 2023 WL 4534144, at * 2 (E.D. Cal. Jul. 13, 2023) (quoting *Trevino*, 99 F.3d at 918). At the pleading stage, the court focuses on the similarity between the "factually pertinent" aspects of the prior incidents." *Id.* at *3 (citing *McCoy v. Cty. of Vallejo*, No. 2:19-cv-01191-JAM-CKD, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020). No such facts exist here.

### ii.    Plaintiffs' Allegations about the Elements of Deliberate Indifference, Moving Force, and Failure to Train are Conclusory and Thus Insufficient to Support Their *Monell* Claim.

Rather than allege sufficient facts to support each required element of a *Monell* claim, Plaintiffs repeat the conclusory allegations from the FAC to try to

1   avoid dismissal. (FAC ¶¶ 165-190).

2          For example, Plaintiffs' allegation that the City was "deliberately indifferent,"

3   and that officials were aware of the alleged constitutional violations but failed to act,

4   are hollow conclusions that do not meet *Twombly-Iqbal*'s pleading standards.

5   Moreover, they fail to articulate a causal link between the alleged custom and

6   practice and Plaintiffs' alleged constitutional claims. (FAC ¶¶ 178, 180-184).

7   Similarly, Plaintiffs' allegations that the City's "customs or widespread practices"

8   were the "moving force" behind the alleged constitutional deprivations is nothing

9   but a conclusory and formulaic recitation of legal terms of art and elements of the

10  cause of action, lacking necessary detail. *Iqbal*, 556 U.S. at 678 (internal citations

11  omitted). Likewise, Plaintiffs' allegations that their claimed constitutional violations

12  were caused by a "failure to train" are also conclusory and boilerplate. (FAC ¶ 185).

13  Because their policy claims lack necessary authorizing facts, Plaintiffs' *Monell*

14  claim should be dismissed.

15         **I.     Plaintiffs' Equal Protection Claim Should Be Dismissed.**

16         Plaintiffs' equal protection claim is improperly alleged against the City and is

17  duplicative of their *Monell* claim. It is based on conclusory and boilerplate

18  allegations regarding the necessary elements of discriminatory intent and

19  discriminatory effect. *See Twombly*, 550 U.S. at 570 (2007); *see also Iqbal*, 556 U.S.

20  at 678.

21         In their Opposition, Plaintiffs fail to address the issue. They cite no specific

22  facts showing a discriminatory purpose, intent, or discriminatory effect. As a result,

23  Plaintiffs' equal protection claim is speculative and ignores the existence of equally

24  available and legally permissible justifications for the BHPD officers' alleged

25  conduct. (FAC ¶¶ 191-209); *see also Iqbal*, 556 U.S. at 681-682. Soaking wet,

26  Plaintiffs' equal protection allegations are merely legal buzzwords and recitations of

27  prima facie elements. *See Gay v. Waiters' & Dairy Lunchmen's Union, Local No.*

28  *30*, 694 F.2d 531, 552 (9th Cir. 1982). Lastly, Plaintiffs fail to explain how they have

plausibly alleged their alternative "class of one" theory. Their entire case relies on the theory of discriminatory intent against Plaintiffs based on their race, but the only authorizing "facts" offered to state a claim are pure conclusions of law and speculative averments. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-565 (2000). Accordingly, Plaintiffs' equal protection claim should be dismissed.

### J.    Plaintiff Greene's State Law Claims Must Be Dismissed for Failure to Comply with California's Government Torts Claims Act.

Plaintiffs' only argument against dismissal of Plaintiff Greene's FAC state-law claims for alleged violations of the Bane Act and False Arrest/Imprisonment is to assert a "fact" regarding alleged lack of notice and waiver, which is not contained in the FAC, and to which no citation has been offered. (FAC ¶¶ 210-227; *see also* Dkt. 41 at 32). These unsupported "facts" offered in Plaintiffs' Opposition cannot serve as a basis to state a claim.

Plaintiffs have failed to comply with Government Code section 905, which provides that Plaintiffs must plead compliance with the Code when alleging state law claims. Cal. Gov. Code, § 910 *et seq.*; *see also Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (1983). Further, Greene's claim fails to state the dates of the alleged incidents (just as Plaintiffs have failed to allege the same in Plaintiffs' FAC), resulting in the proper denial of his claim for that and other reasons. (*See* Dkt. 36-1, Exhibits 1 and 2). Because Plaintiff Greene failed to comply with the Government Code, or allege that he did so, his state law claims must be dismissed.

### K.    Plaintiff Greene's Claims Pursuant to the Bane Act and for False Arrest/False Imprisonment Must Be Dismissed.

Plaintiffs' Bane Act and false arrest/imprisonment claims fail to state a claim. First, Greene fails to state sufficient facts to support the specific intent element of a Bane Act claim. Next, the FAC fails to identify with any specificity the individual officers who allegedly violated Greene's constitutional rights, or what each officer allegedly did in bringing about Greene's alleged harm. *See Rodriguez v. Cnty. of Los*

*Angeles*, 891 F.3d 776, 799 (9th Cir. 2018); *see also* FAC ¶¶ 210-220. Greene also fails to allege plausible facts to support the state law claims that he was arrested or detained without legal authority or lawful privilege. (See FAC ¶¶ 103, 111). Because Greene's allegations instead provide facts that support probable cause, his state law claims cannot survive since the existence of probable cause to arrest bars an action by an arrestee against a police officer. *Briley v. Cty. of Hermosa Beach*, No. CV 05-8127AG(SHx), 2008 WL 4443894, at *5 (C.D. Cal. Sept. 29, 2008); *see also Roberts v. Cty. of Los Angeles*, 109 Cal. App. 3d 625, 629 (1980); *see also Briley*, No. CV 05-8127AG(SHx), 2008 WL 4443894, at *5 (probable cause under California law to arrest defeats claim of false arrest). Because Greene failed to state sufficient facts to support the specific intent element of a Bane Act claim or plausible facts to support his false arrest and false imprisonment claims, they must be dismissed.

## L.   **Plaintiffs' Request for injunctive Relief Should Be Stricken or Dismissed.**

Plaintiffs fail to adequately address the argument that they have no standing to seek equitable relief. *See* Dkt. 41 at 33; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiffs also fail to address the argument that past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation and citation omitted). Accordingly, Plaintiffs' request for injunctive relief should be dismissed.

## M.   **Leave to File a Second Amended Complaint Should Be Denied.**

Although Plaintiffs' request leave to amend, they fail to explain how an amendment would cure the deficiencies in their FAC. (*See* Dkt. 41 at 33-34). The deficiencies in the FAC are systemic, and not based on only inadequacy that could be easily cured. Therefore, Plaintiffs' request for this alternative relief is improper and should be denied. *See* Fed. R. Civ. P. 7(b)(1); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402,

409 (8th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Associated Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### 3.  **CONCLUSION**

Defendants request that this Court grant their Motion to Dismiss and/or Strike Plaintiffs' First Amended Complaint in its entirety, and for any other relief this Court deems appropriate.

DATED:  November 21, 2024            WALSWORTH LLP

                                     By: s/ *Jeanne L. Tollison*
                                     JEANNE L. TOLLISON
                                     Attorneys for Defendants
                                     CITY OF BEVERLY HILLS, a public
                                     entity MARK STAINBROOK, JERRY
                                     WHITTAKER, and PIERRE ROMAIN, as
                                     employees of the City of Beverly Hills, a
                                     public entity

DATED: November 21, 2024            SWANSON, MARTIN & BELL, LLP

                                     By: s/ *Susan E. Sullivan*
                                     SUSAN E. SULLIVAN
                                     ARTHUR J. RELIFORD
                                     ANDREW A. LOTHSON
                                     JOSEPH E. TENNIAL
                                     Attorneys for Defendants
                                     CITY OF BEVERLY HILLS, a public
                                     entity MARK STAINBROOK, JERRY
                                     WHITTAKER, and PIERRE ROMAIN, as
                                     employees of the City of Beverly Hills, a
                                     public entity

## <u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned, counsel of record for Defendants certify that this brief contains 3,970 words, which complies with the word limit of L.R. 11-6.1.


DATED:  November 21, 2024          WALSWORTH LLP


By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

DATED: November 21, 2024          SWANSON, MARTIN & BELL, LLP


By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
JOSEPH E. TENNIAL
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, and PIERRE ROMAIN, as employees of the City of Beverly Hills, a public entity

# PROOF OF SERVICE

## STATE OF ILLINOIS, COUNTY OF COOK

I am over the age of 18 and not a party to the within action; I am employed by SWANSON, MARTIN & BELL, LLP in the County of Cook at 330 North Wabash Avenue, Suite 3300, Chicago, IL 600611.

On November 21, 2024, I served the foregoing document(s) described as:

**DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, AND PIERRE ROMAIN'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of SWANSON, MARTIN & BELL, LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of SWANSON, MARTIN & BELL, LLP for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on November 21, 2024 at Chicago, Illinois.

*s/ Susan E. Sullivan*
Susan E. Sullivan

- 15 -

<u>**IAN GREENE, et al v. CITY OF BEVERLY HILLS, et al.**</u>

**USDC, CENTRAL DISTRICT OF CALIFORNIA
CASE NO.:  2:24-cv-05916-FMO-RAO**

**ASSIGNED FOR ALL PURPOSES TO
HONORABLE FERNANDO M. OLGUIN
COURTROOM 6D**

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Bradley C. Gage, Esq.<br>Milad Sadr. Esq.<br>LAW OFFICES OF BRAD GAGE<br>A Partnership of Professional Corporations<br>23002 Victory Boulevard<br>Woodland Hills, California 91367<br>Telephone: (818) 340-9252<br>Facsimile: (818) 340-9088<br>Email: bgage@bradgagelaw.com<br>           msadr@bradgagelaw.com | Attorneys for Plaintiffs<br>**IAN GREENE, DEONDRE<br>MARQUES JONES, and the<br>PUTATIVE CLASS** |
| Benjamin L. Crump, Esq.<br>Thurgood Wynn, Esq.<br>BEN CRUMP LAW PLLC<br>122 South Calhoun Street<br>Tallahassee, FL 32301<br>Telephone: (850) 224-2021<br>Facsimile: (800) 770-3444<br>Email:  ben@bencrump.com<br>           thurgood@bencrump.com | Attorneys for Plaintiffs<br>**IAN GREENE, DEONDRE<br>MARQUES JONES, and the<br>PUTATIVE CLASS** |
| Jeffrey Spencer, Esq.<br>THE SPENCER LAW FIRM<br>2 Venture, Suite 220<br>Irvine, CA  92618<br>Telephone: (949) 240-8595<br>Facsimile: (949) 377-3272<br>Email:  jps@spencerlaw.net | Attorneys for Plaintiffs<br>**IAN GREENE, DEONDRE<br>MARQUES JONES, and the<br>PUTATIVE CLASS** |