JEANNE L. TOLLISON, State Bar No. 238970
jtollison@walsworthlaw.com
WALSWORTH LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:   (714) 634-2522
Facsimile:    (714) 634-0686

SWANSON, MARTIN & BELL, LLP
SUSAN E. SULLIVAN – Illinois State Bar No. 6238201
(*Pro Hac Vice*)
ssullivan@smbtrials.com
ARTHUR J. RELIFORD – Illinois State Bar No. 6270485
(*Pro Hac Vice*)
areliford@smbtrials.com
ANDREW A. LOTHSON – Illinois State Bar No. 6297061
(*Pro Hac Vice pending*)
alothson@smbtrials.com

Attorneys for Defendants CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, SEAN REYNOLDS, JAKE SPURGEON, ERIK PENA, erroneously sued as ERIC PENA, and MATTHEW LOPEZ, as employees of the City of Beverly Hills, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, and SEAN REYNOLDS, JAKE SPURGEON, ERIC PENA and MATTHEW LOPEZ, inclusive, all sued in their individual and official capacities,<br><br>      Defendants. | Case No.:  2:24-cv-05916-FMO-RAO<br><br>Judge:   Hon. Fernando M. Olguin<br>Crtrm.:   6D<br><br>**DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, SEAN REYNOLDS, JAKE SPURGEON, ERIK PENA, AND MATTHEW LOPEZ'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT [Fed. R. Civ. P. 12(b), 12(f) and 23]**<br><br>HEARING DATES PENDING<br>Type: Defendants' Motion to Dismiss<br>Date: April 24, 2025<br>Time: 10:00 a.m. |

- i -

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-titled Court, located at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants CITY OF BEVERLY HILLS ("City"), Chief MARK STAINBROOK ("Stainbrook"), JERRY WHITTAKER ("Whittaker"), PIERRE ROMAIN ("Romain"), SEAN REYNOLDS ("Reynolds"), JAKE SPURGEON ("Spurgeon"), ERIK PENA ("Pena"), and MATTHEW LOPEZ ("Lopez"), (sometimes collectively "Individual Defendants"),  will move the Court to dismiss and strike the Second Amended Complaint ("SAC") of Plaintiffs IAN GREENE and DEONDRE MARQUES JONES in their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated (sometimes collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) on the ground it fails to state sufficient facts, and will move to dismiss or strike other aspects of the SAC under Rules 12(b)(1), 12(f) and 23(d)(1)(D), (c)(1)(A).

This motion is made following pre-filing meet and confers under Local Rule 7-3 that began in-person on March 20, 2025, and ended on March 24, 2024, following a meet and confer letter sent on March 18, 2025. (*See* Declaration of Susan E. Sullivan "Sullivan Decl." at ¶¶ 2 - 5).

Defendants' Motion to Dismiss and Strike is and will be based on this notice, the attached memorandum of points and authorities, the pleadings on file with this Court, as well as such further oral or documentary evidence that may be presented at the hearing on the motion.

DATED: March 27, 2025                    WALSWORTH LLP

By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants

1    CITY OF BEVERLY HILLS, a public
2    entity MARK STAINBROOK, JERRY
     WHITTAKER, PIERRE ROMAIN, SEAN
3    REYNOLDS, JAKE SPURGEON, ERIK
     PENA, and MATTHEW LOPEZ as
4    employees of the City of Beverly Hills, a
5    public entity

6

7    DATED: March 27, 2025          SWANSON, MARTIN & BELL, LLP

8                                   By: s/ *Susan E. Sullivan*
9                                   SUSAN E. SULLIVAN
                                    ARTHUR J. RELIFORD
10                                  ANDREW A. LOTHSON
11                                  Attorneys for Defendants
                                    CITY OF BEVERLY HILLS, a public
12                                  entity MARK STAINBROOK, JERRY
13                                  WHITTAKER, PIERRE ROMAIN, SEAN
                                    REYNOLDS, JAKE SPURGEON, ERIK
14                                  PENA, and MATTHEW LOPEZ, as
15                                  employees of the City of Beverly Hills, a
                                    public entity
16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

1. INTRODUCTION .............................................................................................1

2. LEGAL STANDARDS .......................................................................................1

   a. Rules 12(f), (b)(1) and 23(d)(1)(D), (c)(1)(A)........................................1

   b. Rule 12(b)(6) ............................................................................................2

3. FACTS ALLEGED .............................................................................................3

4. LEGAL ARGUMENT ........................................................................................4

   I. The Class Definition and Class Allegations Should be Stricken..............4

     a. The Class and Subclass Definitions are Confusing, Overbroad, Includes Uninjured Members, and Has a "Fail Safe" Problem ...........4

     b. Plaintiffs' Claimed Entitlement to Class-Wide Relief Against Different Defendants is Deficient ........................................................7

     c. Plaintiffs' Request for Injunctive Relief Is Secondary to Their Request for Money Damages and Is Therefore Impermissible Under Rules 23(b)(1) or (b)(2 ........................................................8

   II. Plaintiff Jones' Claim for Malicious Prosecution Should Be Dismissed ...............................................................................................9

   III. Plaintiffs' Failure to Allege Specific Claims Against Certain Defendants Requires Dismissal of Those Claims for Non-Involvement...........................................................................................9

   IV. Plaintiff Greene's State Law Claims in Claims Six and Seven are Barred for Failure to Comply with California's Government Torts Claims Act..............................................................................11

   V. Plaintiffs' Requests for Individual Injunctive Relief Should be Dismissed for Lack of Standing....................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5. CONCLUSION ............................................................................ 13

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................2, 13

*Awabdy v. City of Adelanto*,
  368 F.3d 1063 (9th Cir. 2004) .........................................................9

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) .............................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................2, 3, 9

*Black Lives Matter Los Angeles v. City of Los Angeles*,
  113 F.4th 1249 (9th Cir. 2024) ....................................................7, 8

*Borunda v. Richmond*,
  885 F.2d 1384 (9th Cir. 1988) ............................................................5

*Brazil v. Dell Inc.*,
  585 F.Supp. 2d 1158 (N.D. Cal. 2008) ..............................................6

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986)..............................................................................5

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ............................................................................13

*City of San Jose v. Superior Court*, 12 Cal.3d 447 (1974)....................................12

*Clark v. LG Electronics U.S.A., Inc.*,
  No. 13-cv-485 JM, 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) .......................1

*Dixon v. Monterey Fin. Servs., Inc.*,
  No. 15-CV-03298-MMC, 2016 WL 3456680 (N.D. Cal. June 24, 2016) ...........7

*Ebarle v. Lifelock, Inc.*,
  No. 15-cv-00258, 2016 WL 234364 (S.D. Cal. Jan 20, 2016)..........................4

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ................................................................... 10

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................. 2

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
   926 F. Supp. 948 (S.D. Cal. 1996) ...................................................................... 10

*Graham v. Connor*,
   490 U.S. 386 (1989) ................................................................................................. 4

*Green v. Occidental Petroleum Corp.*,
   541 F.2d 1335 (9th Cir. 1976) ................................................................................ 8

*Illinois v. Gates*,
   462 U.S. 213 (1983) ................................................................................................. 8

*In re iPhone Application Litig.*,
   2011 No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) . 10

*In re Railway Industry Employee No-Poach Antitrust Litigation*,
   395 F.Supp.3d 464 (W.D. Pa. 2019) ...................................................................... 8

*Jones v. Williams*,
   297 dF.3d 930 (9th Cir. 2002) ................................................................................ 9

*Kay v. Wells Fargo & Co. N.A.*,
   No. C 07-01351 WHA, 2007 WL 2141292, (N.D. Cal. July 24, 2007) ............... 2

*Leite v. Crane Co.*,
   749 F.3d 1117 (9th Cir. 2014) ........................................................................ 2, 13

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................ 2, 13

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ................................................................................. 6

*Michigan v. DeFillippo*,
   443 U.S. 31 (1979) ................................................................................................. 5

*Narouz v. Charter Commc'ns, LLC,*
  591 F.3d 1261 (9th Cir. 2010) ................................................................. 7

*Nelson v. King County,*
  895 F.2d 1248 (9th Cir. 1990) ................................................................. 8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
  31 F.4th 651 (9th Cir. 2022) ............................................................... 6, 7

*Payne, et al. v. City of Los Angeles, et al.*, No. 2:17-CV-4370424, 2023 WL 4370424
  (C.D. Cal. Jul. 3, 2023) ................................................................. 10, 11

*Pinzon v. Jensen,*
  No. 1:08-CV-1543A WIGSA, 2009 WL231164 (E.D. Cal., Jan. 30, 2009) ....... 10

*Ruiz Torres v. Mercer Canyons Inc.,*
  835 F.3d 1125 (9th Cir. 2016) ................................................................. 7

*Sanders v. Apple Inc.,*
  672 F.Supp. 2d 978 (N.D. Cal. 2009) ..................................................... 5

*Shurney v. Scott's Econo Inn, Inc.,*
  No. 1:05cv196, 2006 WL 1766813 (W.D. Pa. June 23, 2006) ..................... 5

*Snipes v. City of Bakersfield,*
  145 Cal.App.3d 861 (1983) .................................................................. 12

*State of California v. Superior Court,*
  32 Cal.4th 1234 (2004) ........................................................................ 12

*Summers v. Earth Island Inst.,*
  555 U.S. 488 (2009) ........................................................................... 13

*Tietsworth v. Sears, Roebuck and Co.,*
  720 F.Supp.2d 1123 (N.D. Cal. 2010) ..................................................... 2

*Tobias v. County of Putnam,*
  191 F. Supp. 2d 364 (S.D.N.Y. 2002) ..................................................... 5

*White v. Lee,*
  227 F.3d 1214 (9th Cir. 2000) ........................................................... 2, 13

1

2
## **STATUTES**

3
Cal. Govt. Code section 905 .......................................................................... 11

4
Cal. Govt. Code section 910 ...................................................................... 11, 12

5
Cal. Govt. Code section 911.2 ....................................................................... 11

6
Cal. Govt. Code section 945.4 ....................................................................... 12

7

8
## **RULES**

9
Fed. R. Civ. P. 12 ...................................................................................... 1, 2, 8

10
Fed. R. Civ. P. 23 ..................................................................................... passim

11

12
## **OTHER AUTHORITY**

13
U.S. Const. art. III .................................................................................... 1, 5, 6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM AND POINTS OF AUTHORITIES

### 1. INTRODUCTION

This is a putative class action against the Defendant City of Beverly Hills (the Beverly Hills Police Department, or "BHPD"), its peace officers, as well as the current Chief of Police. Now on their third iteration of a complaint, Plaintiffs' SAC continues to seek monetary and injunctive relief for alleged constitutional and state law violations on behalf of themselves and all other Black persons arrested and/or detained without being convicted of any crime by BHPD officers from July 15, 2022 forward. While Plaintiffs have corrected and/or cured *certain* deficiencies from the prior complaints, both the class-wide allegations and certain individual claims in the SAC remain defectively pled and fail to state a claim upon which relief can be granted.

Plaintiffs' class allegations should be dismissed and/or stricken, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f), and 23(d)(1)(D), (c)(1)(A) for several reasons. The proposed primary class is impermissibly vague, overbroad, and includes uninjured members who lack Article III standing. Plaintiffs have also posited an impermissible "fail safe" class definition. Moreover, their requested class-wide injunctive relief is secondary to their request for money damages under Rule 23(b)(3), and therefore class treatment under Rules 23(b)(1) and (b)(2) is not permitted.

Plaintiffs' individual claims for malicious prosecution, claims against certain Defendants based on no personal involvement, the state law-based claims, and their request for individual injunctive relief are deficient and should be dismissed under Rules 12(b)(6) and 12(b)(1).

### 2. LEGAL STANDARDS

#### a. Rules 12(f), (b)(1) and 23(d)(1)(D), (c)(1)(A)

Under Rule 12(f), "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained." *Clark v. LG*

*Electronics U.S.A., Inc.*, No. 13-cv-485 JM, 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013). Under Rule 23(d)(1)(D), a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *See also Tietsworth v. Sears, Roebuck and Co.*, 720 F.Supp.2d 1123, 1146 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."); *see also Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) (same). "Sometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Finally, standing is a prerequisite to justiciability and "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing challenges are reviewed under Rule 12(b)(1), *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), and are resolved under Rule 12(b)(6)'s sufficiency standard. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### b. **Rule 12(b)(6)**

A motion to dismiss should be granted if a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiffs must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a motion under *Twombly*, courts are to follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true but

- 2 -

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### 3.  <u>FACTS ALLEGED</u>

The two named Plaintiffs' claims lack detail and are vague. (SAC ¶¶ 95 -101). Plaintiffs allege that on September 9, 2022, Plaintiff Jones was unlawfully detained. (SAC ¶¶ 96 - 97). Plaintiff Jones alleges that he was pulled over by Defendants Whittaker and Romain, who searched his vehicle and found a gun. (SAC ¶¶ 97 - 98). Jones' car was seized and he was charged with four counts of possessing a concealed weapon. (SAC ¶¶ 99 - 100). Jones alleges that all charges were dismissed following the granting of a motion to suppress under Penal Code section 1538.5. (SAC ¶ 101).

Plaintiffs allege that Plaintiff Greene was unlawfully detained on February 23, 2023, and again on August 10, 2023. (SAC ¶¶ 102 - 112). As to the first encounter, Greene alleges Defendant Officers Reynolds and Spurgeon approached him because of his race and arrested him for being under the influence of alcohol or drugs. (SAC ¶ 104). Greene alleges he was "treated very roughly" during his arrest, the handcuffs were "extremely tight and painful," and that he was jailed for "10 or 11 hours" and "forced to sit in a gross drunk tank." (SAC ¶¶ 105 - 107). As to the second encounter, Greene alleges that he was driving with a friend and stopped by Officers Pena and Lopez, who subsequently arrested and charged him with misdemeanor possession of a controlled substance. (SAC ¶¶ 111 - 112). Greene was taken to jail and "spent around 5-7 hours there" but was not charged with any crime by prosecutors. *Id*.

Neither Plaintiff alleges that Chief Stainbrook was personally involved in their arrests or detentions or the seizure of their vehicles. Plaintiffs only allege that Chief Stainbrook was the final "policy maker" and "in charge of the discriminatory practices" of the BHPD and Defendant Officers. (SAC ¶¶ 22 - 24, 89 - 90).

## 4. **LEGAL ARGUMENT**

### I. **The Class Definition and Class Allegations Should be Stricken.**

#### a. **The Class and Subclass Definitions are Confusing, Overbroad, Includes Uninjured Members, and Has a "Fail Safe" Problem.**

The proposed primary class definition is: "All Black people who were detained or arrested without being convicted of any crime by the City of Beverly Hills Police Department ("BHPD") from July 15, 2022 forward." (SAC ¶ 3). Aside from a person's race – here, "All Black people" – the criteria for class entry requires being "detained or arrested" but subsequently not "convicted of any crime by the [BHPD]". Plaintiffs' class definition is defectively overbroad and should be stricken for several reasons.

On its face, the class definition is defective because the BHPD does not prosecute cases—thus, it does not possess the authority to "convict" persons of crimes. A different government entity, the County of Los Angeles, carries out the prosecutorial function in a different branch of government, the judiciary. Plaintiffs' class definition is foundationally defective and should be stricken.

The primary class's definition fails for other reasons, including because it "includes members who are not entitled to recovery[.]" *Ebarle v. Lifelock, Inc.*, No. 15-cv-00258, 2016 WL 234364, at *5 (S.D. Cal. Jan 20, 2016). A mere detention/arrest without being convicted does not mean the detention/arrest was unconstitutional and thus does not mean that detainee/arrestee was injured for purposes of Article III standing. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (the reasonableness of an officer's behavior under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case"), overruled

- 4 -

on another ground by *Saucier v. Katz*, 533 U.S. 194 (2001). Indeed, not every use of force or arrest without conviction rises to the level of a "constitutional injury." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Put another way, interactions between law enforcement and citizens can pass constitutional muster, even where a detention, arrest and no conviction occur. "The validity of the arrest does not depend on whether the suspect actually committed a crime," so whether or not the suspect is ultimately convicted "*of the offense for which he is arrested is irrelevant to the validity of the arrest*." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (emphasis added). This is because of differences in the degrees of proof required at different stages. A "state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard [for a valid arrest]—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988); *see also Shurney v. Scott's Econo Inn, Inc.*, No. 1:05cv196, 2006 WL 1766813, at *5 (W.D. Pa. June 23, 2006) ("the fact that the charges were dismissed at the preliminary hearing stage does not thereby negate the existence of probable cause to support Plaintiff's initial arrest and detention"); *Tobias v. County of Putnam*, 191 F. Supp. 2d 364, 374 (S.D.N.Y. 2002) ("Whether or not the criminal trespassing charge would have led to an indictment or a conviction is of no moment. It is sufficient for the officer defendants to show that they had arguable probable cause to believe that [the section 1983 plaintiff] was committing a trespass."). As a result, the class definition is fatally overbroad insofar as it consists of individuals whose encounters withstand constitutional scrutiny.

Inclusion of members in a class who have not suffered a redressable injury is not permissible. Such overbreadth raises Article III standing issues. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 991 (N.D. Cal. 2009) (striking class allegations about iMac owners which would include members without standing).

1   The Ninth Circuit has rejected class definitions that include uninjured members
2   without Article III standing as being impermissibly "overbroad." *See, e.g.*, *Mazza v.*
3   *Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (holding the class
4   definition was overbroad because many purported members were not injured; "class
5   must be defined in such a way as to include only members who were exposed to
6   advertising that is alleged to be materially misleading"), overruled on other grounds,
7   *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682
8   n.32 (9th Cir. 2022); *see also Olean Wholesale Grocery Coop*, 31 F.4th at 669 n.14
9   (explaining a class is fatally overbroad when it "'is defined so broadly as to include
10  a great number of members who for some reason could  not have been harmed by
11  the defendant's allegedly unlawful conduct'" (citation omitted)).

12          The primary class definition is also impermissibly "fail safe" because
13  membership hinges on a determination of whether each individual was "detained or
14  arrested" and then whether they were ultimately "convicted of any crime" (or not).
15  These determinations require a mini-trial of each putative member's circumstances
16  to assess entry to the class. *Brazil v. Dell Inc.*, 585 F.Supp. 2d 1158 (N.D. Cal. 2008),
17  illustrates the point. In *Brazil*, the proposed class was defined as "all persons or
18  entities" who "purchased Dell computer products" that "Dell falsely advertised as
19  discounted." *Id.* at 1167. The court granted defendant's motion to strike because to
20  "determine who should be a member of these classes, it would be necessary for the
21  court to reach a legal determination that Dell had falsely advertised" in the first place
22  – a merits determination. *Id.* The same holds true here. Because class membership
23  hinges on merits liability determinations of whether each individual was ever
24  "detained or arrested" and subsequently whether any such individual was ultimately
25  "convicted of any crime," mini-trials are required. These are not manageable
26  determinations to be made by a "Claims Administrator" (SAC ¶ 9(g)) after
27  certification. Instead, these are threshold liability determinations embedded within
28

the class definition itself – i.e., a classic, impermissible "fail safe" definition.

The same holds true for each alleged subclass. (SAC ¶ 4a - d). Determinations of whether each individual was (a) maliciously prosecuted; (b) detained without reasonable suspicion or arrested without probable cause; (c) searched or had their property searched without a warrant or reasonable suspicion; and/or (d) had their vehicle seized within the meaning of the Fourth Amendment and in the absence of a valid caretaking purpose. These are merits determinations embedded in the subclass definitions. *See, e.g.*, *Dixon v. Monterey Fin. Servs., Inc.*, No. 15-CV-03298-MMC, 2016 WL 3456680, at *4 (N.D. Cal. June 24, 2016) (striking "fail safe' class definition because inclusion into the class requires a determination of whether the defendant is actually liable); *Olean Wholesale Grocery Coop.*, 31 F.4th at 670 n.14 ("A court may not … create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct."); *see also Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (class cannot be defined "to preclude membership unless the liability of the defendant is established"). Accordingly, Plaintiffs' class allegations should be stricken.

### b. **Plaintiffs' Claimed Entitlement to Class-Wide Relief Against Different Defendants is Deficient.**

A "class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to Rule 23(b)." *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). The FAC's "Class Allegations" (FAC ¶¶ 3 - 6) and "Compliance with Federal Rule 23" (FAC ¶¶ 7 - 14) fail to state how a class action can be maintained. If anything, the sparse statements in these paragraphs parrot Rule 23's and Local Rule 23-2.2's elements and underscore the type of case-by-case, individual assessments that exist here, starting from before the arrest, during any purported detention or arrest, and then following afterward.

The Ninth Circuit's recent decision vacating class certification in *Black Lives*

*Matter Los Angeles v. City of Los Angeles*, 113 F.4th 1249, 1262 (9th Cir. 2024),
confirms Defendants' position: A case is not compatible with Rule 23's prerequisites
where the threshold question of "whether [a person's] arrest was lawful" requires "a
fact-finder" to decide many fact-specific issues, such as whether there was "probable
cause to arrest" the individual. *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 232 (1983)
(Probable cause is a "fluid" concept "not readily, or even usefully, reduced to a neat
set of legal rules.")). Generally lumping events together for many years and
involving different law enforcement officers acting under different circumstances
shows that Plaintiffs' claims for class-wide relief are defective. *See Black Lives
Matter Los Angeles*, 113 F.4th at 1254; *see also In re Railway Industry Employee
No-Poach Antitrust Litigation*, 395 F.Supp.3d 464, 486-87 (W.D. Pa. 2019)
(granting in part motion to dismiss class allegations under the plausibility standard
and granting motion to strike class allegations). Plaintiffs' class allegations should
be dismissed or stricken.

      c.   **Plaintiffs' Request for Injunctive Relief Is Secondary to Their
          Request for Money Damages and Is Therefore Impermissible
          Under Rules 23(b)(1) or (b)(2).**

      The proposed injunctive relief class is not maintainable under Rules 23(b)(1)
or 23(b)(2) – because the relief sought is primarily money damages. Multiple cases
illustrate the point. *See, e.g.*, *Nelson v. King County*, 895 F.2d 1248, 1255 (9th Cir.
1990) ("Class certification under Fed. R. Civ. P. 23(b)(2) is not appropriate where
the relief requested relates 'exclusively or predominately to money damages.'")
(citations omitted); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th
Cir. 1976) (finding class certification under Rule 23(b)(1) improper where plaintiff
sought money damages).

      Plaintiffs' SAC parrots language from Rules 23(b)(1) and (b)(2), without
elaboration, in Paragraph 13(a)-(c) of the SAC. Plaintiffs are, indeed,
"predominantly" seeking money damages under Rule 23(b)(3), referring to Rule

23(b)(3) in Paragraph 9(f) and via requests for economic and non-economic damages (or exemplary/punitive damages) referenced at the end of every claim (First through Seventh) and in their prayer for relief, Paragraphs 1 through 8 (listing various types of money damages ranging from medical expenses to punitive damages). Thus, Plaintiffs' request for Rule 23(b)(1) or (b)(2) treatment and the request for "Injunctive Relief in the form of a consent decree to prevent BHPD from engaging in racial profiling of Black Americans again in the future" (SAC, "prayer" at p. 52, Paragraph 9) should be stricken.

## II. Plaintiff Jones' Claim for Malicious Prosecution Should Be Dismissed.

Only Plaintiff Jones brings a claim for malicious prosecution. (SAC ¶¶ 118 - 134). To prevail, he "must show that the defendants prosecuted with malice and without probable cause, and that they did so for the purpose of denying [them] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1063, 1066 (9th Cir. 2004). Jones fails to plead sufficient and plausible facts to meet these requisite elements. Jones alleges – without any detail – that his charges were dismissed following a motion to suppress hearing. (SAC ¶ 101). Plaintiffs' subsequent boilerplate and conclusory language in Jones' malicious prosecution claim that the "aforementioned acts of said defendants were willful, wanton, [and] malicious" is not enough sustain his claim. (*See* SAC ¶ 134). Jones' "facts" to support this claim amount to simply "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. Plaintiffs' Failure to Allege Specific Claims Against Certain Defendants Requires Dismissal of Those Claims for Non-Involvement.

Personal involvement is required in a Section 1983 claim against a defendant in his individual capacity. An individual defendant can be held liable only for their own actions. *Jones v. Williams*, 297 dF.3d 930, 934-935 (9th Cir. 2002). It is a

plaintiff's burden, not that of the court, to separately identify claims, state facts in support of each claim, and state how each defendant relates to each cause of action. *Pinzon v. Jensen*, No. 1:08-CV-1543A WIGSA, 2009 WL231164, at *2 (E.D. Cal., Jan. 30, 2009). A plaintiff must identify what action each named defendant took that caused his or her harm, without resort to generalized allegations against the defendants as a whole. *In re iPhone Application Litig.*, 2011 No. 11-MD-02250-LHK, 2011 WL 4403963, at *3 (N.D. Cal. Sept. 20, 2011). Accordingly, a complaint that "lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)).

Nor can supervisory liability be asserted without personal involvement. *See Payne, et al. v. City of Los Angeles, et al.*, No. 2:17-CV-4370424, 2023 WL 4370424, at *4 (C.D. Cal. Jul. 3, 2023) (claim of unreasonable search and seizure against police chief dismissed where plaintiffs failed to set forth allegations or evidence showing police chief's personal involvement).

While Plaintiffs did amend to specify some allegations against certain Defendants, Plaintiffs once again lump together all "defendants" under Claims Two and Three (Unlawful Seizures and Unlawful Searches), with both Plaintiffs asserting Claims Two and Three against every Individual Defendant, alleging all "defendants" caused their harm and damages. (SAC ¶¶ 147, 150, 162, 165). Jones does the same in Claim One for malicious prosecution. (SAC ¶¶ 131, 134).

Greene makes no claim of illegal search and/or seizure against Officers Whittaker or Romain. (SAC ¶¶ 104 - 112). Jones makes no claim of malicious prosecution or claims of illegal search and/or seizure against Officers Reynolds, Spurgeon, Pena, and Lopez. (SAC ¶¶ 96 - 101). Accordingly, both Whittaker and Romain must be dismissed from these claims, as pertained to Greene. And Reynolds, Spurgeon, Pena, and Lopez must be dismissed from these claims, as pertained to

Jones. Plaintiffs' SAC does not allege Stainbrook was personally involved in the Greene's and Jones' alleged incidents, only that that he was the final "policy maker" and "in charge of the discriminatory practices" of the BHPD and Defendant Officers. (SAC ¶¶ 22 - 24, 89 - 90). Thus, Stainbrook also must be dismissed from all of Plaintiffs' claims. *See Payne*, *supra.*

In sum, Individual Defendants Whittaker and Romaine must be dismissed from Counts Two and Three of this action as to Greene with prejudice for non-involvement. Individual Defendants Reynolds, Spurgeon, Pena, and Lopez must be dismissed from Counts One, Two, and Three of this action as to Jones with prejudice for non-involvement. Chief Stainbrook must be dismissed this action with prejudice for non-involvement.

## IV. Plaintiff Greene's State Law Claims in Claims Six and Seven are Barred for Failure to Comply with California's Government Torts Claims Act.

Plaintiff Greene asserts state-law claims against Defendants Pena and Lopez for alleged violations of the Bane Act in Count Six and for false arrest/false imprisonment in Count Seven regarding his arrest and detention on August 10, 2023. (SAC ¶¶ 211 - 228).

Government Code section 905 provides that, with certain exceptions not relevant here, all claims for money or damages against a local public entity or its employees must be presented to that entity under section 910 *et seq.* of the Government Code. CAL. GOV'T CODE § 905 (West 2024). Government Code section 911.2 provides that a claim relating to a cause of action for personal injury must be filed within six (6) months after the accrual of the cause of action. CAL. GOV'T CODE § 911.2 (West 2024).

To comply with the Government Claims Act, the claim must include certain information, including: (1) the name and address of the claimant; (2) the address to which notices should be sent; (3) the "date, place and other circumstances of the

1    occurrence or transaction which gave rise to the claim asserted"; (4) a "general

2    description" of the "injury, damage or loss incurred"; (5) the "name or names of the

3    public employee or employees causing the injury, damage, or loss, if known"; and

4    (6) the "amount claimed" as damages, and if the amount exceeds $10,000, whether

5    the claim would be a limited civil case. CAL. GOV'T CODE § 910, subds. (a)-(f) (West

6    2024).

7         Section 945.4 of the Government Code provides that when a claim is required,

8    no suit for money or damages may be brought until a claim has been filed and acted

9    on by the local public entity. The timely presentation of a written claim and the

10   rejection of the claim in whole or in part is a condition precedent to a lawsuit against

11   a public entity. *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (1983).

12   "Where compliance with the Tort Claims Act is required, the plaintiff *must allege*

13   *compliance* or circumstances excusing compliance, or the complaint is subject to

14   general demurrer." *Id.* (emphasis added).

15        While Plaintiff Greene does allege his compliance with the Government

16   Claims Act, he further alleges his filed claim was rejected. (SAC ¶ 17). As shown in

17   Plaintiffs' attached exhibits, Greene's claim failed to state the dates of the alleged

18   incidents; he provided only a broad range of "August 31, 2021 through December 4,

19   2023." (SAC, at Dkt. 51-1, Exhibit 1). The claim was filed as an application for leave

20   to present a late claim, which was denied. (SAC, at Dkt. 51-1, Exhibit 2). "The

21   failure to timely present a claim to the public entity bars the claimant from filing a

22   lawsuit against that public entity. *City of San Jose v. Superior Court*, 12 Cal.3d 447,

23   454 (1974). Greene was required to petition the Court to allow a late claim filing.

24   *See* CAL. GOV'T CODE §§ 945.4, 946.6 (West 2024). Greene failed to do this and

25   also failed to allege actual compliance with the Act, a requirement to state a claim.

26   *State of California v. Superior Court*, 32 Cal.4th 1234, 1243 (2004) ("a plaintiff must

27   allege facts demonstrating or excusing compliance with the claim presentation

28   requirement. Otherwise, his complaint is subject to a general demurrer for failure to

1  state facts sufficient to constitute a cause of action.")

2  **V.   Plaintiffs' Requests for Individual Injunctive Relief Should be**

3  **Dismissed for Lack of Standing.**

4      Plaintiffs lack standing to pursue injunctive relief. Standing is a prerequisite

5  to justiciability and "an essential and unchanging part of the case-or-controversy

6  requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

7  Standing challenges are subject to review under Rule 12(b)(1), *White v. Lee*, 227

8  F.3d 1214, 1242 (9th Cir. 2000), and are resolved under Rule 12(b)(6)'s sufficiency

9  standard. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A plaintiff seeking

10 equitable relief has standing only if he is "under threat of suffering 'injury in fact'

11 that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488,

12 493 (2009). "[T]he threat must be actual and imminent, not conjectural or

13 hypothetical; it must be fairly traceable to the challenged action of the defendant;

14 and it must be likely that a favorable judicial decision will prevent or redress the

15 injury." *Id*. Here, Plaintiffs do not meet this threshold. Although Plaintiffs claim past

16 constitutional violations from "July 15, 2022 forward" (SAC ¶ 3), "[p]ast exposure

17 to illegal conduct does not in itself show a present case or controversy regarding

18 injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal

19 quotation and citation omitted). Instead, "standing to seek the injunction requested

20 depended on whether he was likely to suffer future injury … by police officers." *Id*.

21 at 105 (emphasis added). Plaintiffs' conclusory allegations of possible future harm

22 are not enough.

23 **5. CONCLUSION**

24      WHEREFORE, Defendants request that this Court grant their Motion to

25 Dismiss and Stroke Plaintiffs' Second Amended Complaint in its entirety.

26 DATED: March 27, 2025               WALSWORTH LLP

27

28                                      By: s/ *Jeanne L. Tollison*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public
entity MARK STAINBROOK, JERRY
WHITTAKER, PIERRE ROMAIN, SEAN
REYNOLDS, JAKE SPURGEON, ERIK
PENA, and MATTHEW LOPEZ as
employees of the City of Beverly Hills, a
public entity

DATED: March 27, 2025          SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public
entity MARK STAINBROOK, JERRY
WHITTAKER, PIERRE ROMAIN, SEAN
REYNOLDS, JAKE SPURGEON, ERIK
PENA, and MATTHEW LOPEZ as
employees of the City of Beverly Hills, a
public entity

## __CERTIFICATE OF COMPLIANCE__

  The undersigned, counsel of record for Defendant City of Beverly Hills, certifies that this brief contains 4,280 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 27, 2025     WALSWORTH LLP

              By: s/ *Jeanne L. Tollison*
              JEANNE L. TOLLISON
              Attorneys for Defendants
              CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, SEAN REYNOLDS, JAKE SPURGEON, ERIK PENA, and MATTHEW LOPEZ as employees of the City of Beverly Hills, a public entity

DATED: March 27, 2025     SWANSON, MARTIN & BELL, LLP

              By: s/ *Susan E. Sullivan*
              SUSAN E. SULLIVAN
              ARTHUR J. RELIFORD
              ANDREW A. LOTHSON
              Attorneys for Defendants
              CITY OF BEVERLY HILLS, a public entity MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, SEAN REYNOLDS, JAKE SPURGEON, ERIK PENA, and MATTHEW LOPEZ as employees of the City of Beverly Hills, a public entity

## DECLARATION OF SUSAN E. SULLIVAN

I, SUSAN E. SULLIVAN, hereby declare:

1.      I am an attorney, duly licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois. I am admitted pro hac vice in the matter of *Greene v. City of Beverly Hills*. I am counsel of record for Defendants CITY OF BEVERLY HILLS, a public entity, and CHIEF MARK STAINBROOK, OFFICER JERRY WHITTAKER, OFFICER PIERRE ROMAIN, OFFICER SEAN REYNOLDS, OFFICER JAKE SPURGEON, OFFICER ERIK PENA, and OFFICER MATTHEW LOPEZ as employees of the City of Beverly Hills, a public entity.

2.      Defendants served Plaintiffs with a pre-filing meet and confer letter under Local Rule 7-3 on March 18, 2025, asking Plaintiffs to discuss the matters addressed therein regarding deficiencies in Plaintiffs' Second Amended Complaint in an attempt to resolve disputes about Plaintiffs' alleged claims in lieu of Defendants moving to Dismiss and Strike Plaintiffs' Second Amended Complaint. (See Defendants' Meet and Confer Letter, attached hereto as Ex. A).

3.      On March 20, 2025, Defendants' counsel and Plaintiffs' counsel began their meet and confer in-person at Defendants' counsels' office, with additional counsel appearing by videoconference, regarding the proposed Motion to Dismiss and Strike the Second Amended Complaint. The meet and confer continued and was completed on March 24, 2025, with a total conference time of approximately one hour.

4.      Defendants raised the following issues regarding their positions on Plaintiffs' SAC:

a.      Striking Plaintiffs' class allegations for being confusing, overbroad, including uninjured members, and for having a "fail safe" problem. Plaintiffs did not agree to strike these allegations. The parties are at an impasse on this issue.

b.      Dismissing Plaintiff Jones' claim for malicious prosecution (Claim One) for failure to state a claim. Plaintiffs did not agree to dismiss this claim. The parties are at an impasse on this issue.

c.      Dismissing certain Individual Defendants from Plaintiffs' Claims One, Two, and Three for lack of personal involvement which would require the dismissal of all of Greene's claims against Whittaker and Romain, and all of Jones' claims against Reynolds, Spurgeon, Pena, and Lopez. Chief Stainbrook should be dismissed from this action entirely. Plaintiffs did not agree to dismiss these allegations against the Individual Defendants for non-involvement. The parties are at an impasse on this issue.

d.      Dismissal of Plaintiff Greene's Sixth and Seventh Claims pursuant to CA Govt. Code Section 946.6. Plaintiffs did not agree to dismiss these claims. The parties are at an impasse on this issue.

e.      Dismissal of Plaintiffs' request for injunctive relief because Plaintiffs lack Article III standing. Plaintiffs did not agree to dismiss this request. The parties are at an impasse on this issue.

5.      The parties remain at impasse on each disputed issue regarding Plaintiffs' Second Amended Complaint, requiring Defendants to move to Dismiss and Strike.


I declare under penalty of perjury, under the laws of the United States of America that the foregoing facts are true and correct, and that if called upon to do so I could and would competently testify thereto.

Executed this 27th day of March 2025 in the City of Chicago, Illinois.


s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN

# PROOF OF SERVICE
## STATE OF ILLINOIS, COUNTY OF COOK

I am over the age of 18 and not a party to the within action; I am employed by SWANSON, MARTIN & BELL, LLP in the County of Cook at 330 North Wabash Avenue, Suite 3300, Chicago, IL 600611.

On March 27, 2025, I served the foregoing document(s) described as: **DEFENDANTS CITY OF BEVERLY HILLS, MARK STAINBROOK, JERRY WHITTAKER, PIERRE ROMAIN, SEAN REYNOLDS, JAKE SPURGEON, ERIK PENA, AND MATTHEW LOPEZ'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of SWANSON, MARTIN & BELL, LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically served on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of SWANSON, MARTIN & BELL, LLP for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 27, 2025 at Chicago, Illinois.

*s/ Susan E. Sullivan*
Susan E. Sullivan

**<u>IAN GREENE, et al v. CITY OF BEVERLY HILLS, et al.</u>**
**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.:  2:24-cv-05916-FMO-RAO**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE Fernando M. OLGUIN**
**COURTROOM 6D**

**<u>SERVICE LIST</u>**

| | |
|---|---|
| Bradley C. Gage, Esq.<br>Milad Sadr. Esq.<br>LAW OFFICES OF BRAD GAGE<br>A Partnership of Professional Corporations<br>23002 Victory Boulevard<br>Woodland Hills, California 91367<br>Telephone: (818) 340-9252<br>Facsimile: (818) 340-9088<br>Email: bgage@bradgagelaw.com<br>      msadr@bradgagelaw.com | Attorneys for Plaintiffs<br>**IAN GREENE, DEONDRE MARQUES JONES, and the PUTATIVE CLASS** |
| Jeffrey Spencer, Esq.<br>THE SPENCER LAW FIRM<br>2 Venture, Suite 420<br>Irvine, CA  92618<br>Telephone: (949) 240-8595<br>Facsimile: (949) 377-3272<br>Email: jps@spencerlaw.net | Attorneys for Plaintiffs<br>**IAN GREENE, DEONDRE MARQUES JONES, and the PUTATIVE CLASS** |